Michael J. McCue (Nevada Bar #6055)
Jonathan W. Fountain (Nevada Bar #10351)
LEWIS AND ROCA LLP
3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV 89169-5996
(702) 949-8200 (phone)
(702) 949-8398 (facsimile)
mmccue@lrlaw.com
jfountain@lrlaw.com

Mark H. Izraelewicz (admitted *pro hac vice*)
Kevin M. Flowers (admitted *pro hac vice*)
Cullen N. Pendleton (admitted *pro hac vice*)
Amanda Antons  (admitted *pro hac vice*)
MARSHALL, GERSTEIN & BORUN LLP
233 South Wacker Drive, 6300 Willis Tower
Chicago, IL 60606-6357
(312) 474-6300 (phone)
(312) 474-0448 (facsimile)
mizraelewicz@marshallip.com
kflowers@marshallip.com
cpendleton@marshallip.com
aantons@marshallip.com

Attorneys for Plaintiffs
SPECTRUM PHARMACEUTICALS, INC.
AND UNIVERSITY OF STRATHCLYDE

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| SPECTRUM PHARMACEUTICALS, INC. and UNIVERSITY OF STRATHCLYDE,<br><br>　　　　　　Plaintiffs,<br><br>　　v.<br><br>SANDOZ INC.,<br><br>　　　　　　Defendant. | Case No. 2:12-cv-00111-GMN-RJJ<br><br>[PROPOSED] STIPULATED PROTECTIVE ORDER PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 26(C) |

1

sd-589460

1  WHEREAS, the parties to the above-captioned case (the "Action") may seek discovery
2  of documents, information or other materials that may constitute or contain sensitive proprietary
3  information, such as trade secrets or other confidential research, development or commercial
4  information, of other parties or third parties within the meaning of Rule 26(c)(1)(G) of the
5  Federal Rules of Civil Procedure ("Fed. R. Civ. P.");
6  WHEREAS such trade secret, confidential, or proprietary information must be protected
7  in order to preserve the legitimate business interests of the parties or other persons;
8  WHEREAS the parties have, through counsel, stipulated to the entry of this Stipulated
9  Protective Order to advance this Action and prevent unnecessary dissemination or disclosure of
10 such secret or other confidential research, development, or commercial information; and
11 WHEREAS the parties have established good cause for entry of this Stipulated Protective Order;
12 NOW THEREFORE, pursuant to Federal Rule of Civil Procedure 26(c), upon the
13 stipulation and consent of the parties and for good cause shown, the Court hereby ORDERS that:
14 1.   This Stipulated Protective Order (the "Order") shall govern the disclosure,
15 production and use of information, documents and tangible things in connection with the Action.
16 2.   SCOPE OF PROTECTIVE ORDER
17 (a)   Confidential Information - Any producing person, entity or third party
18 ("producing party") may designate any information, document or tangible item to be disclosed
19 and/or produced to any other person or entity ("receiving party") as CONFIDENTIAL
20 INFORMATION if the producing party claims in good faith that such information, document or
21 tangible item embodies, constitutes, contains, reveals, relates to, or reflects, processes,
22 operations, research, technical or developmental information or apparatus, production, sales,
23 shipments, or other proprietary or confidential technical, or personnel information within the
24 meaning of Federal Rule of Civil Procedure 26(c)(1)(G). The producing party must give notice,
25 as provided in this Order, that such information, document or tangible item comprises or contains
26 CONFIDENTIAL INFORMATION.
27 (b)   Outside Counsel Eyes Only Information - In the event that a producing party believes
28 access to particular information, document(s), or tangible item(s) requested by the receiving

sd-589460

party is so sensitive that disclosure of the information to unaffiliated parties or third parties would likely harm the competitive commercial position of the producing party or third party, the producing party may in good faith, upon proper notice as provided in this Order, designate the information OUTSIDE COUNSEL EYES ONLY. Information that may be designated as OUTSIDE COUNSEL EYES ONLY may include, but is not limited to, research and development documents, documents discussing legal, regulatory, marketing, business, financial or competitive strategies, trade secrets, and papers filed under seal in connection with any judicial or administrative proceeding other than the Action or subject to any other judicially or administratively accepted obligation of confidentiality, New Drug Applications (NDAs), Abbreviated New Drug Applications (ANDAs), papers or pleadings filed in the United States Food and Drug Administration or a similar foreign government agency, pending United States and foreign patent applications, and pleadings filed in domestic and foreign patent office proceedings (including, but not limited to inter partes proceedings). Disclosure of information designated OUTSIDE COUNSEL EYES ONLY shall be limited to persons pursuant to Section 5.

(c) Non-Confidential Information - CONFIDENTIAL INFORMATION shall not include:

(1) Information that was or is in the public domain at the time of disclosure, not in violation of this Order;

(2) Information which after disclosure is published or becomes part of the public domain, through no fault of a person receiving information under this Order, but only after it is published or comes into the public domain not in violation of this Order;

(3) Information that is in the possession of a party receiving such information without any confidentiality obligations at the time of disclosure, and such information was received from a source that possessed the right to disclose it without any such confidentiality obligations; or

(4) Information disclosed by a third party that is not subject to any confidentiality obligations at the time of the disclosure; or

(5) Information that is discovered independently by the receiving party by means that

2

sd-589460

1 do not constitute a violation of this Order; or

2      (6)    Information that was, is, or becomes expressly released from being designated CONFIDENTIAL INFORMATION or OUTSIDE COUNSEL EYES ONLY (as defined below), by the producing party or by order of the Court.

5      (d)    Designated Confidential Information - DESIGNATED CONFIDENTIAL INFORMATION shall mean and include information that has been marked as either CONFIDENTIAL INFORMATION or as OUTSIDE COUNSEL EYES ONLY, as provided herein.

9      (e)    Designation of Designated Confidential Information - All information, documents or tangible items to be produced in tangible form that the producing party wishes to designate as CONFIDENTIAL INFORMATION or OUTSIDE COUNSEL EYES ONLY must, prior to production to the receiving party, be labeled by the producing party with the legend: CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER, or OUTSIDE COUNSEL EYES ONLY - SUBJECT TO PROTECTIVE ORDER, as appropriate, or suitable equivalents thereof.

15      (f)    Documents for Inspection - All information, documents, or tangible things made available for inspection (such as for selection of materials for copying and production) shall be treated as information designated OUTSIDE COUNSEL EYES ONLY until produced in tangible form by the producing party. Once produced in tangible form, the information, documents or tangible things shall be treated as labeled by the producing party under the provisions of this Order.

21      (g)    Depositions and Oral Disclosures - All information to be disclosed at a deposition, or otherwise orally, shall be automatically designated as OUTSIDE COUNSEL EYES ONLY for a period of thirty (30) days from the date the deposition transcript becomes available. Thereafter, the information contained in the deposition transcript will no longer be deemed DESIGNATED CONFIDENTIAL INFORMATION unless: (1) in a writing sent to counsel for the receiving party before the expiration of the thirty-day period, counsel for the producing party claims in good faith that the deposition transcript (or specified portion(s) of it) contains OUTSIDE COUNSEL EYES ONLY or CONFIDENTIAL INFORMATION; or (2) at

1  the deposition, counsel for the producing party stated on the record that certain portions or the
2  entirety of the deposition transcript contains OUTSIDE COUNSEL EYES ONLY or
3  CONFIDENTIAL INFORMATION. The court reporter must mark the transcript accordingly
4  pursuant to the specified designation.

6   (i)   Written Discovery and Testimonial Documents - At least the first page of any
7  correspondence, any written discovery request or response (including interrogatories, document
8  requests, and requests for admission), or any report of an expert witness that constitutes or
9  contains DESIGNATED CONFIDENTIAL INFORMATION shall be labeled or marked as
10 either CONFIDENTIAL INFORMATION or as OUTSIDE COUNSEL EYES ONLY when
11 served on the receiving party.
12   (j)   The restrictions and obligations set forth in this Order relating to DESIGNATED
13 CONFIDENTIAL INFORMATION shall not apply to any information that: (i) the parties agree,
14 or the Court rules, is already public knowledge; (ii) the parties agree, or the Court rules, has
15 become public knowledge other than by a disclosure by a receiving party; (iii) has come or
16 hereafter comes into the receiving party's legitimate possession without any confidentiality
17 restrictions and independently of the producing party; or (iv) is the party's own DESIGNATED
18 CONFIDENTIAL INFORMATION. The restrictions and obligations set forth in this Order shall
19 not prohibit discussions with any person or entity regarding any DESIGNATED
20 CONFIDENTIAL INFORMATION if said person or entity already has legitimate possession
21 thereof.
22   (k)   Use of Designated Confidential Information - The DESIGNATED
23 CONFIDENTIAL INFORMATION of another party pursuant to this Order shall not be used for
24 purposes other than this Action, including but not limited to, any other legal, regulatory,
25 research, development, commercial or business purpose, including the pursuit of intellectual
26 property rights, including patent prosecution, or in connection with another legal or regulatory
27 proceeding in the U.S. or a foreign country, and cannot be used in any or cited within any
28 citizen's petition or any other submission to FDA or other regulatory bodies, including but not

4

sd-589460

limited to the United States Pharmacopeia, subject to any further order of this Court regarding confidentiality.

(l) Expert Discovery - The Parties agree to exclude from discovery all draft expert reports, expert notes, and communications between Counsel and experts relating to the Action. The Parties and their testifying experts must otherwise comply with the disclosure requirements set forth in Federal Rule of Civil Procedure 26(a)(2).  This section shall not prevent a party from inquiring into the basis of an Expert's opinion, including but not limited to, inquiries into where and how an expert located any facts or material they rely on in their reports.

(m) New Parties - In the event that a new party is added, substituted, or brought into the Action , this Protective Order shall be binding on and inure to the benefit of the new party, subject to the right of the new party to seek relief from or modification of the Protective Order.

(n) This Protective Order also applies to all copies, summaries, translations, abstracts or similar compilations containing information, documents or things derived from a designating Party's trade secret or other confidential research, development, or commercial information. Any designation of DESIGNATED CONFIDENTIAL INFORMATION shall apply to any copies, summaries, translations, abstracts or similar compilations of such DESIGNATED CONFIDENTIAL INFORMATION.

3. DESIGNATION OF DOCUMENTS

Each page of each document produced in discovery shall, to the extent practicable, bear a prefix identifying the producing party and a unique identifying number. Likewise, each discrete unit of each tangible item produced in discovery shall, to the extent practicable, also bear a prefix identifying the producing party and a unique identifying number. A Party's designation under the provisions of this Order shall constitute a representation that counsel for the Producing Party believes in good faith that the designation is appropriate under the standards set forth herein.

4. MAINTENANCE OF DOCUMENTS

All DESIGNATED CONFIDENTIAL INFORMATION that is disclosed or produced in connection with the Action (1) shall be maintained in strict confidence by the receiving party; (2) shall be used solely in connection with the Action, and not for any other purpose or for any other

legal, regulatory, commercial or business purpose, including the pursuit of intellectual property rights, or in connection with another legal, regulatory, or patent prosecution proceeding in the U.S. or a foreign country, and cannot be used in any or cited within any citizen's petition or any other submission to FDA or other regulatory bodies, including but not limited to the United States Pharmacopeia, subject to any further order of this Court regarding confidentiality; and (3) shall not be disclosed to, or used by, any individual or entity except as permitted by this Order.

5. ACCESS TO DESIGNATED CONFIDENTIAL INFORMATION

(a) Access to CONFIDENTIAL INFORMATION shall be strictly limited to the following persons, and in the following manner, except as otherwise provided in this Order:

(1) Outside litigation counsel for the receiving party of record in the Action, and the staff of said outside counsel;

(2) A maximum of three (3) specifically identified in-house personnel responsible for supervising the Action ("corporate person") and their support staff, solely to the extent necessary to carry out duties related to this litigation, and for use in a manner described in and consistent with Paragraph 2(k). Each identified corporate person shall execute a form of acknowledgement and undertaking in the form of Exhibit A. For each respective party, the specifically identified corporate person and their titles shall be provided to counsel with an executed form of acknowledgement and undertaking in the form of Exhibit A.  A party may substitute a new in-house representative pursuant to this provision with permission of the opposing party, which permission shall not unreasonably be withheld.  The party seeking to substitute a new in-house representative shall so inform opposing counsel in writing, provide a copy of an undertaking in the form of Exhibit A for the new representative, and confirm that the old representative will no longer be given access to DESIGNATED CONFIDENTIAL INFORMATION.  The party receiving such a new designation request shall have seven (7) days to object to such new designation, and to explain the grounds for such objection, during which time no DESIGNATED CONFIDENTIAL INFROMATION shall be disclosed to the new representative.  After the expiration of the seven (7) day period, if no objection has been made, the new in-house representative is presumed approved and the old representative shall no longer be given access to

1  DESIGNATED CONFIDENTIAL INFORMATION.  The old representative will, however, still
2  be subject to the provision of this order and the undertaking with respect to any material
3  previously disclosed.
4    (3) Outside experts or consultants for the receiving party who are not employees of a
5  receiving party and who are retained in connection with the disputes between or among the
6  parties to this Action, and their supporting personnel, only to the extent necessary to carry out
7  duties related to this litigation; provided that the disclosure of DESIGNATED CONFIDENTIAL
8  INFORMATION to any such expert or consultant shall be made only after:
9    (i) Counsel desiring to disclose DESIGNATED CONFIDENTIAL INFORMATION
10  to such an expert or consultant obtains a completed and signed undertaking in the form of
11  Exhibit A attached hereto from the expert or consultant and forwards a copy of said completed
12  and signed undertaking and the expert's or consultant's current curriculum vitae to counsel for
13  the producing party, a list of each such expert or consultant's publications, a list of companies for
14  which the expert or consultant consulted, for the preceding five (5) years, and a list of each such
15  expert's or consultant's trial and/or deposition testimony given in the preceding four (4) years;
16  and
17    (ii) During a period of seven (7) days, commencing with the receipt by counsel for
18  the producing party, by electronic or other means, of a copy of the expert's or consultant's
19  completed and signed undertaking and the materials described in paragraph 5(a)(3)(i), above,
20  counsel for the producing party may object in good faith to the disclosure of DESIGNATED
21  CONFIDENTIAL INFORMATION to this expert or consultant for cause, e.g., an identified
22  conflict of interest. If counsel for the producing party fails to object to such disclosure within the
23  prescribed period, any objection to such disclosure shall be deemed waived, except as to a basis
24  for objection that was not known and could not reasonably have been discovered within said
25  fourteen (14) day period. In the event that a good-faith objection is made within the prescribed
26  period, there shall be no disclosure of DESIGNATED CONFIDENTIAL INFORMATION to the
27  expert or consultant until there is an express written agreement of the parties or order of this
28  Court removing the objection. The party seeking disclosure to an objected-to expert shall first

1  meet-and-confer with the opposing party and subsequently shall have the obligation within seven
2  (7) days of the meet-and-confer to seek an order of the Court requesting removal of the
3  objection;
4  　　　　(4)　　Non-technical trial consultants, graphics or design firms, copying vendors, and
5  information technology consultants retained by outside counsel for the receiving party for the
6  purpose of preparing, organizing, copying and otherwise using DESIGNATED
7  CONFIDENTIAL INFORMATION for purposes solely related to the Action, including their
8  supporting personnel;
9  　　　　(5)　　Licensed court reporters and videographers employed in connection with this
10 Action solely involved for the recordation and transcription of deposition or court proceedings or
11 for like purposes at the request and consent of the parties;
12 　　　　(6)　　Authors, creators, addressees, and other recipients of Designated Confidential
13 Information, who, prior to the commencement of the Action, lawfully received or had access to
14 the Protected Information;
15 　　　　(7)　　This Court and its authorized personnel;
16 　　　　(8)　　Any person agreed to in writing by the producing party.
17 　　　　(b)　　Access to OUTSIDE COUNSEL EYES ONLY information shall be strictly
18 limited to each of the persons defined and identified above in paragraph 5(a)(1) and (3)-(8),
19 except as otherwise provided in this Order.
20 　　　　6.　　COURT FILINGS
21 　　　　All documents of any nature, including briefs, which have been designated either as
22 CONFIDENTIAL INFORMATION or as OUTSIDE COUNSEL EYES ONLY and which are
23 filed with the Court, shall be filed under seal in accordance with the provisions of the United
24 States District Court for the District of Nevada's Electronic Filing Procedures, dated August 24,
25 2006 (the "Procedures") which shall include filing a cover sheet through CM/ECF indicating that
26 the document is being filed under seal. All such documents so filed shall be released from
27 confidential treatment by the District Court only upon further order of the Court. In addition,
28 documents designated either as CONFIDENTIAL INFORMATION or as OUTSIDE COUNSEL

1  EYES ONLY shall be filed in hard copy with the Clerk's office as provided in Section (G)(1) of
2  the Procedures and shall contain the following language, as appropriate, on the cover page:
3  "CONFIDENTIAL INFORMATION - FILED UNDER SEAL – SUBJECT TO PROTECTIVE
4  ORDER" or "OUTSIDE COUNSEL EYES ONLY INFORMATION - FILED UNDER SEAL –
5  SUBJECT TO PROTECTIVE ORDER."
6        The parties filing any brief, memorandum, motion, letter or other document (a "Filing")
7  under seal with the Court because that Filing would disclose information from a document that is
8  otherwise required to be filed under seal pursuant to the provisions of this Stipulation and Order
9  shall comply with the provisions of Section (G) of the Procedures, including without limitation
10  the provisions governing the filing of a copy of the Filing for public inspection within seven (7)
11  days.
12        Upon the failure of the filing or lodging party to properly designate information, any
13  party or third party who in good faith believes that designation and filing under seal is required
14  may move the Court to file said information under seal within fourteen (14) days of learning of
15  the defective filing or lodging. Notice of such designation shall be given to all parties in the
16  Action. Nothing in this provision relieves a party of liability for damages caused by failure to
17  properly file DESIGNATED CONFIDENTIAL INFORMATION under seal. The burden of
18  proving that such information should be sealed shall at all times remain on the party which
19  designated the information as DESIGNATED CONFIDENTIAL INFORMATION.
20      7.    USE BY PARTIES OF DESIGNATED CONFIDENTIAL INFORMATION
21        DESIGNATED CONFIDENTIAL INFORMATION may only be used, relied upon, and
22  referred to in any testimony or other evidence presented at any trial, hearing, or deposition in
23  connection with this Action consistent with and under the terms of this Order, and subject to any
24  further order of this Court regarding confidentiality, as follows:
25      (a)    a party may examine, at a deposition, hearing or trial, persons who are authorized
26  to receive DESIGNATED CONFIDENTIAL INFORMATION under the terms of this Order, to
27  the extent that such persons are permitted access to such information under this Order, or as
28  otherwise permitted by the Court;

9

sd-589460

(b) a party may examine, at a deposition, hearing or trial, persons who are not authorized to receive DESIGNATED CONFIDENTIAL INFORMATION under the terms of this Order, so long as such examination concerns DESIGNATED CONFIDENTIAL INFORMATION (i) for which the producing party is the witness' current employer, (ii) was generated during the witness' employment at the producing party in the event of a prior employee, or (iii) that the witness authored or previously had access to or knowledge of, as demonstrated by the DESIGNATED CONFIDENTIAL INFORMATION itself or by foundation testimony during a deposition, hearing or trial, or otherwise only as permitted by the Court. This Order shall not prevent counsel from examining a witness in a good-faith effort to determine whether he or she authored or previously had access to or knowledge of DESIGNATED CONFIDENTIAL INFORMATION. Further, this Order shall not prevent counsel from impeaching, contradicting, or confronting such a witness at trial with such materials.

8.   ATTENDEES OF DEPOSITIONS

Consistent with the other provisions of this Order, when a party's or third party's DESIGNATED CONFIDENTIAL INFORMATION is discussed or disclosed during a deposition, the party or third party may exclude any person not authorized under this Order to have access to the DESIGNATED CONFIDENTIAL INFORMATION from the deposition while the DESIGNATED CONFIDENTIAL INFORMATION is disclosed or discussed.

9.   ATTORNEY ADVICE TO CLIENT

Nothing in this Order shall bar or otherwise restrict any attorney from rendering advice to a party-client or, in the course thereof, relying upon his or her knowledge of DESIGNATED CONFIDENTIAL INFORMATION; provided, however, that in rendering such advice the attorney shall not disclose any DESIGNATED CONFIDENTIAL INFORMATION received from a producing party to unauthorized persons.

10.   CHALLENGES TO DESIGNATION

A receiving party's acceptance of DESIGNATED CONFIDENTIAL INFORMATION from a producing party shall not constitute an admission, or create an inference, that the material is in fact confidential within the meaning of Federal Rule of Civil Procedure 26(c)(1)(G). This

sd-589460

1  Order shall not foreclose any party from moving for an order that DESIGNATED
2  CONFIDENTIAL INFORMATION is not confidential within the meaning of Federal Rule of
3  Civil Procedure 26(c)(1)(G), or otherwise subject to protection from disclosure by the Court.
4  Prior to bringing such a motion, however, the receiving party shall first request in writing that the
5  producing party change or remove its confidentiality designation. If the producing party refuses
6  to change its confidentiality designation within fourteen (14) days, the receiving party may move
7  for an order changing or removing the designation. On such a motion, the producing party shall
8  have the burden of proving that the DESIGNATED CONFIDENTIAL INFORMATION
9  embodies, constitutes, contains, reveals, relates to, or reflects trade secrets, processes, operations,
10 research, technical or developmental information or apparatus, production, marketing, sales,
11 shipments, or other proprietary or confidential trade secret, technical, business, financial, or
12 personnel information within the meaning of Federal Rule of Civil Procedure 26(c)(1)(G) or is
13 otherwise subject to protection from disclosure by the Court.
14         11.    CORRECTION OF INADVERTENT FAILURE TO DESIGNATE
15         The disclosure and/or production of any information, document or tangible item without
16 one of the designations provided by Paragraph 2 of this Order shall not constitute a waiver of any
17 claim of confidentiality. Where such undesignated disclosure or production resulted from
18 inadvertence or mistake on the part of the producing party, such inadvertence or mistake shall be
19 brought to the attention of the receiving party in writing within fourteen (14) days upon
20 discovery of the inadvertent disclosure. Along with the notice of such inadvertent or mistaken
21 undesignated disclosure or production, the producing party shall provide properly designated
22 documents and/or tangible items, if applicable. Upon receipt of such notice and properly
23 designated documents and/or tangible items, if applicable, the receiving party shall substitute
24 properly designated copies for those previously received and treat the information contained in
25 or derived from said replaced documents and/or tangible items as DESIGNATED
26 CONFIDENTIAL INFORMATION, and the receiving party shall return to Outside Counsel for
27 the producing party or third party all such previously undesignated information with all copies,
28 or certify destruction thereof, within seven (7) days after receiving the substitute copies. Upon

1  receipt of notice, the receiving party shall honor the provisions of this Order and shall consider
2  and treat as properly DESIGNATED CONFIDENTIAL INFORMATION the previously
3  undesignated information. Under such circumstances, no receiving party shall have any
4  obligation or liability due to any disclosure of the information which occurred before the receipt
5  of notice; provided, however, that any subsequent disclosure shall be in accordance with such
6  corrected designation.

7        12.    INADVERTENT DISCLOSURE BY RECEIVING PARTY

8        Should any DESIGNATED CONFIDENTIAL INFORMATION be disclosed by a
9  receiving party to any person not authorized to have access to such information under this Order,
10  the receiving party shall: (a) use its best efforts to obtain the prompt return of any such
11  DESIGNATED CONFIDENTIAL INFORMATION and to bind such person to the terms of this
12  Order; (b) within three (3) days of the discovery of such disclosure, inform such person of the
13  provisions of this Order and identify such person to the producing party; and (c) request such
14  person to sign an undertaking in the form of Exhibit A attached hereto. If executed, the
15  undertaking shall be served upon counsel of record for the producing party within three (3) days
16  of its receipt by the receiving party. The requirements set forth in this Paragraph shall not
17  prevent the producing party from applying to the Court for further or additional relief.

18        13.    NO REQUIREMENT TO WAIVE PRIVILEGE

19        Nothing in this Order shall be construed to require disclosure of information, documents
20  or tangible things that counsel contends is protected from disclosure by the attorney-client
21  privilege, the attorney work-product immunity or any other applicable privilege or immunity. A
22  producing party may produce a redacted version of information, documents or tangible things
23  that counsel contends is partially protected from disclosure by the attorney-client privilege, the
24  attorney work-product immunity or any other identified applicable privilege or immunity,
25  identifying where the privileged or immune material was redacted with the designation RP,
26  Redacted- Privileged, or a similar marking.

27        14.    INADVERTENT PRODUCTION

28        If a producing party inadvertently or mistakenly produces information, documents, or

1  tangible items that should have been withheld subject to a claim of attorney-client privilege,
2  work product immunity, or on any other grounds, such production shall not prejudice such claim
3  or otherwise constitute a waiver of any claims of attorney-client privilege, work product
4  immunity or otherwise for such information, provided that the producing party makes a good-
5  faith representation in writing within fourteen (14) days upon discovery of the inadvertent
6  disclosure that such production was inadvertent or mistaken and takes prompt remedial action to
7  withdraw the disclosure. Within three (3) days of receiving a written request to do so from the
8  producing party, the receiving party shall return to the producing party any documents or
9  tangible items that the producing party represents were inadvertently or mistakenly produced.
10         The receiving party shall also destroy all copies or summaries of, or notes relating to, any
11  such inadvertently or mistakenly produced information; provided, however, that this Order shall
12  not preclude the party returning such information from making a motion to compel production of
13  the returned information. The producing party shall retain copies of all returned documents and
14  tangible items for further disposition.
15         15.    INFORMATION RESTRICTED BY CONFIDENTIALITY AGREEMENTS
16  WITH THIRD PARTIES
17         If the discovery process calls for the production of information, documents, or tangible
18  items that a party cannot produce because its disclosure would breach an agreement with a third
19  party to maintain such information in confidence, the producing party shall, before the date
20  scheduled for production, give written notice to the third party that its information is subject to
21  discovery in this Action and provide the third party with a copy of this Order. The requested
22  information shall not be produced unless the third party so agrees or the requesting party secures
23  a Court order compelling production.
24         16.    DISCOVERY REQUESTS RECEIVED FROM THIRD PARTIES
25         By entering this Order and limiting the disclosure of information in this case, the Court
26  does not intend to preclude another court from finding that information may be relevant and
27  subject to disclosure in another case. Any party who receives a request from a third party for
28  DESIGNATED CONFIDENTIAL INFORMATION through a subpoena or other legal process

1  shall inform the third party of this Protective Order and notify the counsel of record for the party
2  who has produced the DESIGNATED CONFIDENTIAL INFORMATION of the third party's
3  request, in sufficient time to afford that party, and so that the party may have, an opportunity to
4  appear and be heard on whether that information should be disclosed. The producing party shall
5  then have right to challenge the subpoena or otherwise contest production of its DESIGNATED
6  CONFIDENTIAL INFORMATION, consistent with the requirements of Rule 45, Fed. R. Civ. P.
7  Nothing herein shall be construed as requiring anyone covered by this Protective Order to contest
8  a subpoena or other process, to appeal any order requiring production of DESIGNATED
9  CONFIDENTIAL INFORMATION covered by this Protective Order, or to subject itself to
10 penalties for noncompliance with any legal process or order.

11       17.    DESIGNATED CONFIDENTIAL INFORMATION RECEIVED FROM THIRD
12 PARTIES

13       If, in responding to a discovery request, subpoena, other legal process or otherwise, a
14 third party discloses DESIGNATED CONFIDENTIAL INFORMATION belonging to or owned
15 by a party, the information disclosed by the third party shall be accorded the same protection as
16 if it were received from a producing party under this Protective Order. In such an event, a party,
17 in good faith believing the information disclosed to be its DESIGNATED CONFIDENTIAL
18 INFORMATION, may designate such information pursuant to this Protective Order. Likewise, a
19 third party disclosing its own or a party's DESIGNATED CONFIDENTIAL INFORMATION
20 may do so under the terms of this Protective Order if the third party first agrees in writing to the
21 terms of this Protective Order. Any party subject to this Protective Order may challenge the
22 designation of information received from third parties under the provisions contained in
23 Paragraph 10 of this Protective Order.

24       18.    SEEKING RELIEF FROM, MODIFICATION OR ENFORCEMENT OF THIS
25 PROTECTIVE ORDER

26       This Order shall not prevent any party from applying to the Court for further or additional
27 protective orders, including an Order requiring a receiving party to provide access to
28 DESIGNATED CONFIDENTIAL INFORMATION to any person not entitled to such access

1  under this Order.

2      19.    PROTECTED INFORMATION AFTER TERMINATION OF THIS ACTION

3      (a)    This Order shall survive the termination of this Action.

4      (b)    After final termination of this Action, including any appeals, outside counsel identified in Subparagraph 5(a) for a receiving party may retain one archival copy of deposition transcripts, deposition exhibits, Court transcripts, Court exhibits and other submissions to the Court, including any DESIGNATED CONFIDENTIAL INFORMATION contained therein.

Within sixty (60) days after final termination of this Action, including any appeals, or at a later date by agreement of the parties, all additional DESIGNATED CONFIDENTIAL INFORMATION of a producing party in the possession, custody or control of a receiving party—or in the possession, custody or control of any person allowed access to such information under Paragraph 5 of this Order—must either be: (1) returned to outside counsel for the producing party; or (2) destroyed and such destruction certified in writing to outside counsel for the producing party. Nothing in this Order requires the return or destruction of attorney work product or attorney-client communications of any party that is maintained and stored by outside counsel in the regular course of business.

    (c)    The Court retains jurisdiction even after the Termination of the Action to enforce this Protective Order and to make such amendments, modifications, deletions and additions to this Protective Order as the Court may deem appropriate.

**IT IS SO AGREED AND STIPULATED:**

| /s/ Anders T. Aannestad | /s/ Mark H. Izraelewicz |
|---|---|
| James J. Pisanelli (NV Bar #4027) | Michael J. McCue (NV Bar #6055) |
| Christopher R. Miltenberger (NV Bar #10153) | Jonathan W. Fountain (NV Bar #10351) |
| Jennifer L. Braster (NV Bar #9982) | LEWIS AND ROCA LLP |
| PISANELLI BICE PLLC | 3993 Howard Hughes Parkway, Suite 600 |
| 3883 Howard Hughes Parkway, Suite 800 | Las Vegas, NV 89169-5996 |
| Las Vegas, NV 89169 | (702) 949-8200 (phone) |
| (702) 214-2100 (phone) | (702) 949-8398 (facsimile) |
| (702) 214-2101 (facsimile) | mmccue@lrlaw.com |
| jjp@pisanellibice.com | jfountain@lrlaw.com |
| crm@pisanellibice.com | |
| jlb@pisanellibice.com | Mark H. Izraelewicz (admitted *pro hac vice*) |
| | Kevin M. Flowers (admitted *pro hac vice*) |
| David C. Doyle (admitted *pro hac vice*) | Cullen N. Pendleton (admitted *pro hac vice*) |
| Anders T. Aannestad (admitted *pro hac vice*) | Amanda Antons (admitted *pro hac vice*) |
| Stephen D. Keane (admitted *pro hac vice*) | MARSHALL, GERSTEIN & BORUN LLP |
| James J. Cekola (admitted *pro hac vice*) | 233 South Wacker Drive, 6300 Willis Tower |
| MORRISON & FORESTER LLP | Chicago, IL 60606-6357 |
| 12351 High Bluff Drive, Suite 100 | (312) 474-6300 (phone) |
| San Diego, CA 92130-2040 | (312) 474-0448 (facsimile) |
| (858) 720-5100 (phone) | mizraelewicz@marshallip.com |
| (858) 720-5188 (facsimile) | kflowers@marshallip.com |
| DDoyle@mofo.com | cpendleton@marshallip.com |
| AAannestad@mofo.com | aantons@marshallip.com |
| SKeane@mofo.com | |
| JCekola@mofo.com | |
| | |
| Attorneys for Defendant | Attorneys for Plaintiffs |
| SANDOZ INC. | SPECTRUM PHARMACEUTICALS, INC. |
| | AND UNIVERSITY OF STRATHCLYDE |

**IT IS SO ORDERED:**

_____
UNITED STATES MAGISTRATE JUDGE

DATED: May 22, 2012

16

sd-589460

**EXHIBIT A**

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| SPECTRUM PHARMACEUTICALS, INC. and UNIVERSITY OF STRATHCLYDE, )<br>)<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>SANDOZ INC., )<br>)<br>Defendant. )<br>) | Case No. 2:12-cv-00111-GMN-RJJ<br><br>AGREEMENT TO BE BOUND BY STIPULATED PROTECTIVE ORDER |

I, _____, state that:

My present employer is _____ and my present work address is _____.

My present title, occupation or job description is _____ _____.

I have read and understand the provisions of the Stipulated Protective Order entered in this action and I will comply with the provisions of that Stipulated Protective Order.  I consent to be subject to the jurisdiction of this Court for enforcement of this Stipulated Protective Order.  I am aware that if I violate the provisions of this Stipulated Protective Order, this Court may order the entry of contempt sanctions against me.

I will hold in confidence and not disclose to anyone not qualified under the Stipulated Protective Order and DESIGNATED CONFIDENTIAL INFORMATION, or any summaries, abstracts or indices of any DESIGNATED CONFIDENTIAL INFORMATION, that is disclosed to me or that I prepare.

Upon conclusion of the above-captioned litigation, including appeal, I will return to

sd-589460

1 outside counsel for the party for whom I was employed, retained or acted as witness, or destroy,
2 all DESIGNATED CONFIDENTIAL INFORMATION—and any summaries, abstracts and
3 indices thereof, and documents or materials that I received or prepared relating thereto—in my
4 possession.
5    I declare under penalty of perjury under the laws of the United States of America that the
6 foregoing is true and correct.

_____          _____
Date                                                                      Signature

_____          _____
Name                                                                      Title

2

sd-589460