UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| SPECTRUM PHARMACEUTICALS, INC, et al, ) <br> ) <br> Plaintiffs, ) <br> ) <br> vs. ) <br> ) <br> SANDOZ INC., ) <br> ) <br> Defendant. ) <br> _____) | Case No. 2:12-cv-00111-GMN-NJK <br><br> ORDER GRANTING REQUEST TO TO SEAL <br><br> (Docket No. 155) |

Pending before the Court is the Declaration of Anders T. Aannestad in Support of Sealing Portions of Spectrum's Motion for Summary Judgment. Docket No. 155.  Defendant seeks to file under seal certain exhibits attached to Plaintiffs' motion for summary judgment. *See* Docket No. 149; *see also* Docket No. 150 (redacted version filed on public docket). Pursuant to the procedure outlined by the Court, *see* Docket No. 152, and the Court's Order, Docket No. 154, Defendant submitted a declaration in support of the request to seal.  Docket No. 155.  For the reasons discussed below, the Court hereby **GRANTS** the request to seal.

**I.    STANDARD**

The Ninth Circuit has held that there is a strong presumption of public access to judicial records. *See Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006); *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003). A party seeking to file documents under seal bears the burden of overcoming that presumption. *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010) (quoting *Kamakana*, 447 F.3d at 1178). Parties "who seek to maintain the secrecy of

documents attached to dispositive motions must meet the high threshold of showing that 'compelling reasons' support secrecy." *Kamakana*, 447 F.3d at 1180.[1] Those compelling reasons must outweigh the competing interests of the public in having access to the judicial records and understanding the judicial process. *Id.* at 1178-79; *see also Pintos*, 605 F.3d at 679 & n.6 (court must weigh "relevant factors," including the public's interest in understanding the judicial process). The Ninth Circuit has indicated that "'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to . . . release trade secrets." *Kamakana*, 447 F.3d at 1179.

## II.   ANALYSIS

The documents at issue in the declaration are Exhibits 23-27, 31, 33, 35, and 37-38 attached to the Motion for Summary Judgement That Claim 2 of U.S. Patent No. 6,500,829 is Not Invalid, as well as certain information that has been redacted in the motion for summary judgment. *See* Docket Nos. 149, 150, 155. Specifically, the exhibits are as follows:

- Exhibit 23: Memorandum dated September 5, 1986.
- Exhibit 24: Letter dated September 11, 1986.
- Exhibit 25: A Confidentiality Agreement.
- Exhibit 26: Letter dated January 22, 1986.
- Exhibit 27: Expert Report of Stephen F. Martin, Ph.D.
- Exhibit 31: Rebuttal Expert Statement of Thomas Bannister, Ph.D.
- Exhibit 33: Transcript of Stephen F. Martin, Ph.D. Deposition
- Exhibit 35: Transcript of J. Bryan Jones Deposition
- Exhibit 37: Letter dated November 28, 1986.
- Exhibit 38: Reply Expert Report of Stephen F. Martin, Ph.D.

---

[1] *Kamakana* and *Foltz* involve non-parties' attempts to obtain sealed court documents. The same analysis and standards apply to a party's motion to seal. *See Pintos*, 605 F.3d at 679 n.5; *see also Kamakana*, 447 F.3d at 1182 n.9 (for the case before it, noting that "[t]he effective bottom line is that the district court was determining whether documents should be sealed").

In support of the motion to seal, Defendant submitted the declaration of Anders T. Aannestad stating, in part, that this information:

> concerns sensitive information relating to Sandoz's Abbreviated New Drug Application ("ANDA") No. 230563 and Sandoz's business practices.
>
> The information concerns the manufacture of the active pharmaceutical ingredient in Sandoz's proposed ANDA product that is highly confidential and presently unavailable to the public.
>
> Disclosure of such information could injure Sandoz's competitive posture, especially given that Sandoz competes in the competitive and time-sensitive generic pharmaceutical industry.

Docket No. 155 at 2.

The Court has reviewed each of the exhibits and redacted portions of the motion and concludes that they all contain or concern proprietary, trade secret, and technical information which warrants keeping them sealed. Further, the Court finds that both good cause and compelling reasons exist to seal this information that overcome the presumption of public access, that the information within the motion has been properly redacted, and that the documents in the exhibits cannot be easily redacted while leaving meaningful information available to the public.

### III. CONCLUSION

For good cause shown, the unredacted motion and declaration at Docket No. 149 will remain under seal and no further filing of redacted versions is required.

IT IS SO ORDERED.

DATED: November 7, 2013

_____
NANCY J. KOPPE
United States Magistrate Judge

3