UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

SPECTRUM PHARMACEUTICALS, INC, et al, )
)
                Plaintiffs, )    Case No. 2:12-cv-00111-GMN-NJK
)
vs. )    ORDER RE: MOTION TO SEAL
)     (Docket No. 175)
SANDOZ INC., )
)
                Defendant. )
)

       Pending before the Court is a motions to seal filed by Defendant Sandoz. Docket No. 175. The motion seeks to file under seal Defendant's Opposition to Plaintiffs' Motion for Summary Judgment that Claim 2 or U.S. Patent No. 6,500,829 is Not Invalid (Docket Nos. 167, 169); Defendant's Opposition to Plaintiffs' Motion for Summary Judgment of No Inequitable Conduct (Docket Nos. 163, 165); Defendant's Opposition to Plaintiffs' Motion for Summary Judgment of Infringement of Claim 2 of U.S. Patent No. 6,500,829 (Docket Nos. 159, 161); and numerous unredacted exhibits to four different Declarations filed by Defendant (Docket Nos. 160, 162 -164, 166, 168, 170-174) . *Id*., at 2, 5-6.[1] In support of this motion, Defendant states that the information was designated by the parties as either "CONFIDENTIAL" or "OUTSIDE COUNSEL EYES ONLY," pursuant to the May 22, 2012, Protective

---

[1]     Defendant claims, in its motion to seal, that it wants the Court to seal all exhibits and all declarations filed in support of the oppositions to Plaintiffs' summary judgment motions. Docket No. 175, at 2. As Defendant did not, in fact, seal the declarations themselves or all exhibits to them, however, the Court assumes this is a typographical error.

Order in this case *Id*., at 4.² *See also* Docket No. 42.  The fact that a party designates materials as confidential pursuant to a stipulated protective order, however, does not enable those documents (standing alone) to be filed under seal.  Instead, designated material may only be filed under seal based on a showing that the relevant standard is met because "[b]lanket protective orders . . . do not contain any rulings that specific documents may be filed under seal." *The Vaccine Ctr. LLC v. GlaxoSmithKline LLC*, 2013 U.S. Dist. Lexis 68298, *12-13 (D. Nev. May 14, 2013) (discussing Ninth Circuit authority regarding limited impact of blanket protective orders on motions to seal).

The only support for the pending motion to seal is the fact that Defendant designated certain documents as highly confidential.  In compliance with the Court's Order amending the parties' protective order, Docket No. 152, Defendant must file a declaration in support of the motion to seal explaining why the material merits filing under seal.  The Ninth Circuit has held that there is a presumption of public access to judicial files and records and that parties seeking to maintain the confidentiality of documents attached to dispositive motions must show compelling reasons sufficient to overcome the presumption of public access.  *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006).  In order to sustain this burden, Defendant must make a "particularized showing" with respect to any particular document in order to justify sealing. *Id*.  "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test." *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992) (internal quotation marks and citations omitted); *see also The Vaccine Ctr LLC* 2013 U.S. Dist. Lexis at *6 (conclusory assertions are not sufficient to show good cause).  Moreover, to the extent any confidential information can be easily redacted while leaving meaningful information available to the public, the Court must order that redacted versions be filed rather than sealing entire documents. *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1137 (9th Cir. 2003); *see also Vaccine Ctr. LLC*, 2013 U.S. Dist. Lexis at *9-10 (discussing redaction requirement).

---

² Defendant also makes sweeping claims, without reference to any specific document, that the information in the documents "relates to, *inter alia*, Sandoz's Abbreviated New Drug Application ('ANDA'), No. 203563, Sandoz's business practices, and the manufacture of the active pharmaceutical ingredient in Sandoz's proposed ANDA product. Docket No. 175, at 5.

1  Although it appears that compelling reasons will likely exist to seal at least some of the
2  documents at issue, Defendant's motion to seal is deficient in a number of ways. First, it asserts in
3  general terms the type of information at issue and then states without elaboration that the information
4  is "confidential." *See* Docket No. 175 at 4-6. Second, Defendant fails to address each opposition or
5  each exhibit at issue in the pending motion to seal. Defendant must come forward with compelling
6  reasons to seal *each* document. *See, e.g.*, *Kamakana*, 447 F.3d at 1180; *San Jose Mercury News, Inc.*
7  *v. U.S. Dist. Court*, 187 F.3d 1096, 1103 (9th Cir. 1999).

8  Third, Defendant fails to address whether redacted versions of documents may be filed rather
9  than sealing the exhibits in their entirety. For example, Defendant seeks to seal each summary judgment
10 motion and its exhibits in their entirety. Docket No. 175, at 2. Defendant makes no attempt to explain
11 why the entire documents should be sealed, and cannot be redacted. The same holds true with several
12 of the exhibits Defendant seeks to seal. *Id.*, at 5-6.

13 With the above guidance in mind, the Court will allow one final opportunity for Defendant to
14 explain, <u>no later than December 11, 2013</u>, why the information at issue in this motion to seal should be
15 kept secret from the public.[3] In so doing, Defendant must make a full showing as to why each particular
16 document at issue merits secrecy. With respect to documents that can be redacted while leaving
17 meaningful information available to the public, Defendant shall also submit proposed redacted versions
18 of the documents.

19 Defendant is hereby ORDERED, no later than December 11, 2013, to either file a declaration
20 establishing compelling reasons for the sealing of each document at issue, or withdraw the designation.

21 IT IS SO ORDERED.
22 DATED: December 3, 2013.

_____
NANCY J. KOPPE
United States Magistrate Judge

---

[3] This showing may be made either in a consolidated filing, or in separate filings specific to each document Defendant seeks to seal.