UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| SPECTRUM PHARMACEUTICALS, INC, et al, ) <br> ) <br> Plaintiffs, ) <br> ) <br> vs. ) <br> ) <br> SANDOZ INC., ) <br> ) <br> Defendant. ) <br> ) | Case No. 2:12-cv-00111-GMN-NJK <br><br> ORDER RE: MOTION TO SEAL <br> (Docket No. 175) |

Pending before the Court is a motion to seal filed by Defendant Sandoz. Docket No. 175. The motion seeks to file under seal Defendant's Opposition to Plaintiffs' Motion for Summary Judgment that Claim 2 or U.S. Patent No. 6,500,829 is Not Invalid (Docket Nos. 167, 169); Defendant's Opposition to Plaintiffs' Motion for Summary Judgment of No Inequitable Conduct (Docket Nos. 163, 165); Defendant's Opposition to Plaintiffs' Motion for Summary Judgment of Infringement of Claim 2 of U.S. Patent No. 6,500,829 (Docket Nos. 159, 161); and numerous unredacted exhibits to four different Declarations filed by Defendant (Docket Nos. 160, 162 -164, 166, 168, 170-174) . *Id*., at 2, 5-6. In support of this motion, pursuant to the procedure outlined by the Court, *see* Docket No. 152, and the Court's Order, Docket No. 178, Defendant submitted a declaration in support of the request to seal. Docket No. 181. That declaration, in regards to three of the exhibits that Defendants wish to seal, states:

> The sole reason Sandoz filed this exhibit under seal is that it contains information Spectrum designated as confidential under the protective order in this case, and the protective order required Sandoz to file under seal.

Docket No. 181, at 6-7 (*referring to* Exhibit 2 attached to Declaration of John R. Lanham, Exhibit 9 attached to Declaration of Jessica A. Roberts, and Exhibit 1 attached to Declaration of Stephen F. Martin).

The fact that a party designates materials as confidential pursuant to a stipulated protective order, however, does not enable those documents (standing alone) to be filed under seal. Instead, designated material may only be filed under seal based on a showing that the relevant standard is met because "[b]lanket protective orders . . . do not contain any rulings that specific documents may be filed under seal." *The Vaccine Ctr. LLC v. GlaxoSmithKline LLC*, 2013 U.S. Dist. Lexis 68298, *12-13 (D. Nev. May 14, 2013) (discussing Ninth Circuit authority regarding limited impact of blanket protective orders on motions to seal).

The only support for the pending motion to seal is the fact that Plaintiff designated certain documents as highly confidential. In compliance with the Court's Order amending the parties' protective order, Docket No. 152, Plaintiff must file a declaration in support of the motion to seal explaining why the material merits filing under seal. The Ninth Circuit has held that there is a presumption of public access to judicial files and records and that parties seeking to maintain the confidentiality of documents attached to dispositive motions must show compelling reasons sufficient to overcome the presumption of public access. *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006). In order to sustain this burden, Plaintiff must make a "particularized showing" with respect to any particular document in order to justify sealing. *Id*. "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test." *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992) (internal quotation marks and citations omitted); *see also The Vaccine Ctr LLC* 2013 U.S. Dist. Lexis at *6 (conclusory assertions are not sufficient to show good cause). Moreover, to the extent any confidential information can be easily redacted while leaving meaningful information available to the public, the Court must order that redacted versions be filed rather than sealing entire documents. *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1137 (9th Cir. 2003); *see also Vaccine Ctr. LLC*, 2013 U.S. Dist. Lexis at *9-10 (discussing redaction requirement).

. . .

1    The Court will allow Plaintiff to file a declaration in support of why the information at issue in
2 this motion to seal should be kept secret from the public, <u>no later than December 20, 2013</u>.  In so doing,
3 Plaintiff must make a full showing as to why each particular document at issue merits secrecy.  With
4 respect to documents that can be redacted while leaving meaningful information available to the public,
5 Plaintiff shall also submit proposed redacted versions of the documents.
6    Plaintiff is hereby ORDERED, no later than December 20, 2013, to either file a declaration
7 establishing compelling reasons for the sealing of each document at issue, or withdraw the designation.
8    IT IS SO ORDERED.
9    DATED: December 13, 2013.

_____
NANCY J. KOPPE
United States Magistrate Judge