1
2
3
4
5
6
7
8
9
10
11
12
13

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

SPECTRUM PHARMACEUTICALS, INC, et al,      )
                                            )
                    Plaintiffs,             )        Case No. 2:12-cv-00111-GMN-NJK
                                            )
vs.                                         )        ORDER DENYING MOTION TO SEAL
                                            )        (Docket No. 187)
SANDOZ INC.,                                )
                                            )
                    Defendant.              )
_____ )

14      Pending before the Court is a motion to seal filed by Plaintiffs. Docket No. 187.  The motion

15   seek to file under seal the unredacted versions of Plaintiffs' Reply Brief in Support of its Motion for

16   Summary Judgment of Infringement and the Antons 2d Declaration. *See* Docket Nos. 185 and 186.

17   Plaintiff has not, however, filed the unredacted versions of those exhibits on the docket as required by

18   Local Rule 10-5(b). That rule provides:

19              Unless otherwise permitted by statute, rule or prior Court order, papers filed
                with the Court under seal shall be accompanied by a motion for leave to file
20              those documents under seal, and shall be filed in accordance with the Court's
                electronic filing procedures. If papers are filed under seal pursuant to prior
21              Court order, the papers shall bear the following notation on the first page,
                directly under the case number: "FILED UNDER SEAL PURSUANT TO
22              COURT ORDER DATED _____." All papers filed under seal will
                remain sealed until such time as the Court may deny the motion to seal or
23              enter an order to unseal them, or the documents are unsealed pursuant to
                Local Rule.
24   Local Rule 10-5(b).

25      By failing to file the unredacted documents on the docket, Plaintiff has deprived the Court of the

26   ability to review those documents and to determine whether they should be under seal.

27      Additionally, Plaintiff has not provided a declaration in support of its motion to seal nor has it

28   provided a compelling reason justifying why the documents should be under seal.  The fact that a party

designates materials as confidential pursuant to a stipulated protective order does not enable those documents (standing alone) to be filed under seal.  Instead, designated material may only be filed under seal based on a showing that the relevant standard is met because "[b]lanket protective orders . . . do not contain any rulings that specific documents may be filed under seal."  *The Vaccine Ctr. LLC v. GlaxoSmithKline LLC*, 2013 U.S. Dist. Lexis 68298, *12-13 (D. Nev. May 14, 2013) (discussing Ninth Circuit authority regarding limited impact of blanket protective orders on motions to seal).

The only support for the pending motion to seal appears to be the fact that the parties designated certain documents as highly confidential. This type of designation alone is not sufficient to enable the referenced documents, or any documents, to be filed under seal. In compliance with the Court's Order amending the parties' protective order, Docket No. 152, Plaintiff and/or Defendant must file a declaration in support of the motion to seal explaining why the material merits filing under seal.  The Ninth Circuit has held that there is a presumption of public access to judicial files and records and that parties seeking to maintain the confidentiality of documents attached to dispositive motions must show compelling reasons sufficient to overcome the presumption of public access. *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006).

Here, in addition to not complying with LR 10-5(b), Plaintiff has failed to show compelling reasons sufficient to overcome the presumption of public access. Accordingly, the instant motion is DENIED without prejudice.

Finally, the Court has repeatedly instructed the parties on the proper procedure for filing documents under seal. See Docket Nos. 152, 154, 178, and 182. The continuous blatant disregard for the sealing procedure, as well as the Court's Orders and instructions, is particularly troubling.  Moving forward, the parties must strictly comply with all Rule and Court Orders.

IT IS SO ORDERED.

DATED: December 17, 2013

_____
NANCY J. KOPPE
United States Magistrate Judge

2