1
2
3
4
5
6
7

**UNITED STATES DISTRICT COURT**

8

**DISTRICT OF NEVADA**

9
10

| | | |
|---|---|---|
| SPECTRUM PHARMACEUTICALS, INC, et al, | ) | |
| Plaintiffs, | ) | Case No. 2:12-cv-00111-GMN-NJK |
| vs. | ) | ORDER GRANTING MOTION TO SEAL |
| SANDOZ INC., | ) | |
| Defendant. | ) | (Docket No. 175) |

11
12
13
14
15

16      Pending before the Court is Defendant's motion to seal.  Docket No. 175.  Defendant filed the

17  Declaration of Anders T. Aannestad in support of the motion.  Docket No. 181.  Additionally, since

18  many of the documents Defendant's motion sought to file under seal were documents designated as

19  confidential under the parties' protective order, Plaintiffs filed the Declaration of Mark H. Izraelewicz

20  in support of the motion.  Docket No. 194.  The motion seeks to file under seal certain portions of

21  Defendant's Response to Plaintiffs' Motion for Summary Judgment of Infringement of Claim 2 of U.S.

22  Patent No. 6,500,829 (sealed version: Docket No. 159; public version: Docket No. 161); certain portions

23  of Defendant's Response to Plaintiffs' Motion for Summary Judgment of No Inequitable Conduct

24  (sealed version: Docket No. 163; public version: Docket No. 165); and certain portions of Defendant's

25  Response to Plaintiffs' Motion for Summary Judgment that Claim 2 of U.S. Patent No. 6,500,829 is not

26  Invalid (sealed version: Docket No. 167; public version: Docket No. 169).  Additionally, Defendants

27  seek to file certain exhibits attached to the declarations in support of the motions.  Specifically,

28  Defendants seek to seal:

- •     Exhibits 2, 5, 12, 18, 22, 30, 32-37, 39, 41, 44-45, and 47 attached to the Declaration of John H. Lanham in Support of Defendant's Response to Plaintiffs' Motion for Summary Judgment that Claim 2 of U.S. Patent No. 6,500,829 is not Invalid (sealed version: Docket No. 168; public version: Docket No. 170);

- •     Exhibit 9 attached to the Declaration of Jessica A. Roberts in Support of Defendant's Response to Plaintiffs' Motion for Summary Judgment of No Inequitable Conduct (sealed version: Docket No. 164; public version: Docket No. 166);

- •     Exhibits 1, 2-15, and 17 attached to the Declaration of James J. Cekola in Support of Defendant's Response to Plaintiffs' Motion for Summary Judgment of Infringement of Claim 2 of U.S. Patent No. 6,500,829 (sealed version: Docket No. 160; public version: Docket No. 162);

- •     Exhibits 1-2 attached to the Declaration of Stephen F. Martin in Support of Expert Reports (sealed version: Docket No. 171; public version: Docket No. 172);

- •     Exhibit 1 attached to the Declaration of Dr. Eric N. Jacobsen in Support of Expert Reports (sealed version: Docket No. 173; public version: Docket No. 174); and

- •     Portions of each of the above-cited Declarations that contain information relating to the Exhibits submitted for sealing.

For the reasons discussed below, the Court hereby **GRANTS** the motion to seal in part and **DENIES** the motion to seal in part.

## I.  STANDARD

The Ninth Circuit has held that there is a strong presumption of public access to judicial records. *See Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006); *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003). A party seeking to file documents under seal bears the burden of overcoming that presumption. *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010) (quoting *Kamakana*, 447 F.3d at 1178). Parties "who seek to maintain the secrecy of documents attached to dispositive motions must meet the high threshold of showing that 'compelling

1   reasons' support secrecy." *Kamakana*, 447 F.3d at 1180.[1]  Those compelling reasons must outweigh the

2   competing interests of the public in having access to the judicial records and understanding the judicial

3   process.  *Id.* at 1178-79; *see also Pintos*, 605 F.3d at 679 & n.6 (court must weigh "relevant factors,"

4   including the public's interest in understanding the judicial process).  The Ninth Circuit has indicated

5   that "'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing

6   court records exist when such 'court files might have become a vehicle for improper purposes,' such as

7   the use of records to . . . release trade secrets." *Kamakana*, 447 F.3d at 1179.

8   **II.     ANALYSIS**

9          The documents at issue in the pending motion to seal are listed above.  In support of the motion

10  to seal, Defendant submitted the declaration of Anders T. Aannestad listing Defendant's justification

11  for sealing each of the documents at issue.  Docket No. 181.  Plaintiffs submitted the declaration of Mark

12  Izraelewicz listing Plaintiffs' justification for sealing each of the documents that were sealed solely

13  because of Plaintiffs' confidentiality designation.  Docket No. 194.

14         **A.     Exhibits to Lanham Declaration**

15         With regard to the Lanham Declaration (Docket Nos. 168, 170), Aannestad states that Defendant

16  filed Exhibits 2, 5, 18, 22, 30, 32-35, 37, 39, 41, 44, 45 and 47 under seal because Plaintiffs previously

17  designated them as confidential.  Docket No. 181, at 7-8.  Aannestad submits to the Court that the Court

18  previously sealed the documents marked as Exhibits 12 and 36 because they "contain[s] or concern[s]

19  proprietary, trade secret, and technical information which warrants keeping [them] sealed." *Id*.

20  Aannestad represents that the "same reasons that supported sealing the document[s] previously support

21  sealing the document[s] now." *Id*.

22         Izraelewicz states that Plaintiffs withdraw the confidentiality designation for Exhibits 2, 5, 22,

23  30, 32-35, 37, and 39.  Docket No. 194, at 3-4.  Izraelewicz represents that Exhibit 18 is the rebuttal

24

25      [1]

26         *Kamakana* and *Foltz* involve non-parties' attempts to obtain sealed court documents.  The same
27  analysis and standards apply to a party's motion to seal.  *See Pintos*, 605 F.3d at 679 n.5; *see also*
    *Kamakana*, 447 F.3d at 1182 n.9 (for the case before it, noting that "[t]he effective bottom line is that
28  the district court was determining whether documents should be sealed").

1   expert report of Spectrum's validity expert, Dr. Richard G. Moran.  Dr. Moran is Spectrum's principal

2   expert on the issue of the validity of Spectrum's patent.  Izraelewicz further represents that, if this report

3   were to be disclosed at this point, such disclosure could injure Plaintiffs' competitive posture in a

4   companion case (the "Delaware Litigation") that involves the same patent issue as this litigation.  *Id*.

5   Expert disclosures in the Delaware Litigation are not yet due, and Izraelewicz represents that providing

6   the opposing party in that case with its expert submission would give that party an unfair advantage.

7   *Id*.  Plaintiffs request that the Court allow them to file this expert report on the public record within one

8   day of serving it on the opposing party in the Delaware Litigation.  *Id*.

9         In regards to Exhibit 47, Izraelewicz states that it discusses sensitive information regarding

10   Plaintiffs' licensing revenue and contractual arrangements.  *Id*., at 4.  Additionally, it contains sales

11   information that, if disclosed, could cause competitive injury to Plaintiffs.  *Id*.

12         The Court has reviewed each of the exhibits for which the confidentiality designation has not

13   been withdrawn and concludes that they all contain proprietary, trade secret, and technical information

14   which warrants keeping them sealed.  Further, the Court finds that both good cause and compelling

15   reasons exist to seal this information that overcome the presumption of public access, and that the

16   documents in Exhibits 12, 18, 36 and 47 cannot be easily redacted while leaving meaningful information

17   available to the public.  Therefore, the Court **GRANTS** the motion to seal for Exhibits 12, 18, 36 and

18   47.  As Defendant filed Exhibits 2, 5, 22, 30, 32-35, 37, 39, 41, 44, and 45 under seal solely because

19   Plaintiffs had designated the documents confidential and Plaintiffs have now withdrawn that designation

20   for those documents, the Court **DENIES** the motion to seal for Exhibits 2, 5, 22, 30, 32-35, 37, 39, 41,

21   44, and 45.  Docket No. 168 will remain under seal, but Defendant is **ORDERED** to file Exhibits 2, 5,

22   22, 30, 32-35, 37, 39, 41, 44, and 45 on the public docket no later than January 15, 2014.

23         **B.**    **Exhibit to Roberts Declaration**

24         With regard to the Roberts Declaration (Docket Nos. 164, 166), Aannestad states that Defendant

25   filed Exhibit 9 under seal because Plaintiff previously designated that document as confidential.  Docket

26   No. 181, at 8.  Izraelewicz states that Plaintiffs withdraw the confidentiality designation as to that

27   document.  Docket No. 194, at 5.

28   . . . .

4

1    Therefore, the Court **DENIES** the motion to seal for Exhibit 9 and **ORDERS** Docket No. 164

2    **UNSEALED**.

3        **C.        Exhibits to Cekola Declaration**

4        With regard to the Cekola Declaration (Docket Nos. 160, 162), Aannestad submits that the Court

5    previously sealed the documents marked as Exhibits 1, 5, 7, 9-11, 14-15 and 17 because they "contain[s]

6    proprietary, trade secret, and technical information which warrants keeping [them] sealed." Docket No.

7    181, at 3-7.    Aannestad represents that the "same reasons that supported sealing the document[s]

8    previously support sealing the document[s] now." *Id*.  Additionally, Aannestad submits that the

9    documents marked as Exhibits 3, 4, 6 and 8 contain sensitive information relating to Sandoz's

10   Abbreviated New Drug Application ("ANDA") No. 230563 and Sandoz's business practices. *Id*.

11   Aannestad further represents that this information "includes proprietary, trade secret, business, and

12   technical information that is presently confidential and unavailable to the public.   Moreover, the

13   information contains subject matter regarding the manufacture of the active pharmaceutical ingredient

14   in Sandoz's proposed ANDA product, and Sandoz's specific efforts to obtain United States Food and

15   Drug Administration ('FDA') approval of its proposed ANDA product." *Id*.   Finally, Aannestad

16   represents that disclosure of this information  "could injure Sandoz's competitive posture, especially

17   given that Sandoz competes in the competitive and time-sensitive generic pharmaceutical industry." *Id*.

18   Aannestad submits the same information for Exhibit 12, but adds that the document "contains

19   information regarding the active phamaceutical ingredient in Sandoz's proposed ANDA product that

20   Sandoz was able to produce in this litigation only upon agreement with its business partners that such

21   information remain highly confidential." *Id*., at 5. Finally, with regard to Exhibit 13, Aannestad

22   represents that the document contains transcript excerpts from a deposition of Plaintiffs' expert, and that

23   the transcript "discusses sensitive information relating to the manufacture and composition of Sandoz's

24   proposed ANDA product.  The information includes proprietary, trade secret, business, and technical

25   information that is presently confidential and unavailable to the public." *Id*., at 6.  Aannestad further

26   represents that the excerpts contain "information regarding the active phamaceutical ingredient in

27   Sandoz's proposed ANDA product that Sandoz was able to produce in this litigation only upon

28   agreement with its business partners that such information remain highly confidential." *Id*.

1    The Court has reviewed each of the exhibits and concludes that they all contain proprietary, trade

2    secret, and technical information which warrants keeping them sealed.  Further, the Court finds that both

3    good cause and compelling reasons exist to seal this information that overcome the presumption of

4    public access, and that the documents in Exhibits 1, 2-15, and 17 cannot be easily redacted while leaving

5    meaningful information available to the public.  Therefore, the Court **GRANTS** the motion to seal for

6    Exhibits 1, 2-15, and 17.

7           **D.      Exhibits to Martin Declaration**

8           With regard to the Martin Declaration (Docket Nos. 171, 172), Aannestad states that Defendant

9    filed Exhibits 1-2 under seal because Plaintiffs previously designated them as confidential.  Docket No.

10   181, at 8-9.   Izraelewicz states that Plaintiffs withdraw the confidentiality designation as to those

11   documents.  Docket No. 194, at 5.

12          Therefore, the Court **DENIES** the motion to seal for Exhibits 1-2 and **ORDERS** Docket No. 171

13   **UNSEALED**.

14          **E.      Exhibit to Jacobsen Declaration**

15          With regard to the Jacobsen Declaration (Docket Nos. 173, 174), Aannestad submits that the

16   Court previously sealed the document marked as Exhibit 1 because it "contains proprietary, trade secret,

17   and technical information which warrants keeping it sealed."   Docket No. 181, at 9.    Aannestad

18   represents that the "same reasons that supported sealing the document previously support sealing the

19   document now."  *Id*.

20          The Court has reviewed this exhibit and concludes that it contains proprietary, trade secret, and

21   technical information which warrants keeping it sealed.  Further, the Court finds that both good cause

22   and compelling reasons exist to seal this information that overcome the presumption of public access,

23   and that the document in Exhibit 1 cannot be easily redacted while leaving meaningful information

24   available to the public.  Therefore, the Court **GRANTS** the motion to seal for Exhibit 1.

25          **F.      Responses to Motions for Summary Judgment and Declarations**

26          Aannestad represents that the publicly-filed versions of Defendant's Responses to the Motions

27   for Summary Judgment (Docket Nos. 159, 163, 167) and declarations (Docket Nos. 160, 164, 168, 171)

28   have been redacted "to maintain the confidentiality of the information in the at-issue exhibits, while

1   leaving meaningful information for the public.  Sandoz redacted only ...limited parts of the briefs and

2   declarations which would disclose information from the at-issue exhibits." Docket No. 181, at 9.

3          Since Defendant filed those responses and declarations, however, Plaintiffs have withdrawn the

4   confidentiality designation for many of the exhibits that Defendant filed under seal. *See* Docket No. 194.

5   The Court has now ordered those exhibits filed on the public docket.  Therefore, some of the redacted

6   information in these filings now relate to exhibits that are not sealed, and must not remain redacted.  The

7   Court declines to comb through the factual assertions and citations in the motions and declarations to

8   determine which factual assertions are based on public information and which are based on confidential

9   information for which the parties have now shown good cause for sealing.  Instead, the Court **DENIES**

10  the request to keep Docket Nos. 159, 163, 167, 160 and 168 sealed in their entirety based on the redacted

11  versions filed at Docket Nos. 161, 165, 169, 162 and 170.  While Docket Nos. 159, 163, 167, 160 and

12  168 will remain under seal, Defendants are hereby **ORDERED** to file on the public docket newly-

13  redacted versions of those motions and declarations with redactions only to information derived from

14  portions of the exhibits found to be sealable herein.  The newly redacted versions of the motions shall

15  be filed no later than January 15, 2014.

16  **III.    CONCLUSION**

17         For the reasons discussed more fully above and for good cause shown, Defendant's motion to

18  seal (Docket No. 175) is hereby **GRANTED** in part and **DENIED** in part as follows:

19         •       With regard to the Lanham Declaration, the motion to seal is **GRANTED** in part and

20                 **DENIED** in part.  The motion is **GRANTED** with respect to the sealing of Exhibits

21                 Defendants' proposed redaction of Exhibits 12, 18, 36 and 47.  The motion is **DENIED**

22                 with respect to the sealing of Exhibits 2, 5, 22, 30, 32-35, 37, 39, 41, 44, and 45.  Docket

23                 No. 168 will remain under seal, but Defendant is **ORDERED** to file the unsealed

24                 exhibits on the public docket no later than January 10, 2014.

25         •       With regard to the Roberts Declaration, the motion is **DENIED**.  The Court **ORDERS**

26                 Docket No. 164 **UNSEALED**.

27         •       With regard to the Cekola Declaration, the motion to seal is **GRANTED**.  Docket No.

28                 160 shall remain under seal.

- With regard to the Martin Declaration, the motion to seal is **DENIED**.  The Court **ORDERS** Docket No. 171 **UNSEALED**.

- With regard to the Jacobsen Declaration, the motion to seal is **GRANTED**.  Docket No. 173 shall remain under seal.

- With regard to the responses to the motions for summary judgment and the Declarations, the motion to seal is **DENIED**.  Docket Nos. 159, 163, 167, 160 and 168 will remain under seal, but Defendant is **ORDERED** to file, no later than January 15, 2014, newly-redacted versions of those responses and Declarations, consistent with the Court's instructions above.

IT IS SO ORDERED.

DATED: December 26, 2013.

_____
NANCY J. KOPPE
United States Magistrate Judge