UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

|  |  |
|---|---|
| SPECTRUM PHARMACEUTICALS, INC, et al, <br><br> Plaintiffs, <br><br> vs. <br><br> SANDOZ INC., <br><br> Defendant. | Case No. 2:12-cv-00111-GMN-NJK <br><br> ORDER GRANTING MOTION TO SEAL <br><br> (Docket No. 192) |

      Pending before the Court is Plaintiffs' motion to seal. Docket No. 192. Plaintiffs seek to file portions of their Reply to Response to Motion for Summary Judgment of Infringement of Claim 2 of U.S. Patent No. 6,500,829, and exhibits 17 and 18 to the declaration supporting this reply, under seal. *See* Docket No. 191; *see also* Docket Nos. 185 and 186 (redacted versions filed on public docket). Pursuant to the procedure outlined by the Court, *see* Docket No. 152, Defendant submitted a declaration in support of the motion to seal. Docket No. 195. For the reasons discussed below, the Court hereby **GRANTS** the motion to seal.

**I.     STANDARD**

      The Ninth Circuit has held that there is a strong presumption of public access to judicial records. *See Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006); *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003). A party seeking to file documents under seal bears the burden of overcoming that presumption. *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010) (quoting *Kamakana*, 447 F.3d at 1178). Parties "who seek to maintain the secrecy of

1  documents attached to dispositive motions must meet the high threshold of showing that 'compelling
2  reasons' support secrecy." *Kamakana*, 447 F.3d at 1180.[1] Those compelling reasons must outweigh the
3  competing interests of the public in having access to the judicial records and understanding the judicial
4  process. *Id.* at 1178-79; *see also Pintos*, 605 F.3d at 679 & n.6 (court must weigh "relevant factors,"
5  including the public's interest in understanding the judicial process). The Ninth Circuit has indicated
6  that "'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing
7  court records exist when such 'court files might have become a vehicle for improper purposes,' such as
8  the use of records to . . . release trade secrets." *Kamakana*, 447 F.3d at 1179.

## II.  ANALYSIS

The documents at issue in the pending motion to seal are Exhibits 17 and 18 to the declaration in support of Plaintiffs' reply to response to their motion for summary judgment, as well as certain information that has been redacted in the reply itself.[2] *See* Docket Nos. 185, 186, 191. Specifically, the exhibits are as follows:

- Exhibit 17: Expert Statement of Paul J. Reider, Ph.D., dated August 30, 2013; and
- Exhibit 18: Portions of the transcript of the October 15, 2013, deposition of Eric Jacobsen, Ph.D.

In support of the motion to seal, Defendant submitted the declaration of Anders T. Aannestad stating, in part, that the information in the exhibits and reply brief:

> reveals sensitive information relating to Sandoz's Abbreviated New Drug Application ("ANDA") No. 230563 and Sandoz's business practices.
>
> The information includes proprietary, trade secret, business, and technical information that is presently confidential and unavailable to the public. Moreover, the information contains subject matter regarding the manufacture of the active pharmaceutical ingredient

---

[1] *Kamakana* and *Foltz* involve non-parties' attempts to obtain sealed court documents. The same analysis and standards apply to a party's motion to seal. *See Pintos*, 605 F.3d at 679 n.5; *see also Kamakana*, 447 F.3d at 1182 n.9 (for the case before it, noting that "[t]he effective bottom line is that the district court was determining whether documents should be sealed").

[2] The redacted information in the reply relates to the information in the two exhibits that the motion seeks to seal.

        in Sandoz's proposed ANDA product ...

        Disclosure of such information could injure Sandoz's competitive posture, especially given that Sandoz competes in the competitive and time-sensitive generic pharmaceutical industry.

Docket No. 195 at 3-4.

    The Court has reviewed each of the exhibits and redacted portions of the reply and concludes that they all contain proprietary, trade secret, and technical information which warrants keeping them sealed. Further, the Court finds that both good cause and compelling reasons exist to seal this information that overcome the presumption of public access, that the information within the motion has been properly redacted, and that the documents in the exhibits cannot be easily redacted while leaving meaningful information available to the public.

### III.   CONCLUSION

    For good cause shown, Spectrum Pharmaceutical's Motion to Seal is hereby **GRANTED**. The unredacted reply and exhibits at Docket No. 191 will remain under seal and no further filing of redacted versions is required.

    IT IS SO ORDERED.

    DATED: December 31, 2013.

                                                  NANCY J. KOPPE
                                                United States Magistrate Judge