UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| SPECTRUM PHARMACEUTICALS, INC, et al, | ) | |
| Plaintiffs, | ) | Case No. 2:12-cv-00111-GMN-NJK |
| vs. | ) | ORDER GRANTING MOTION TO SEAL |
| SANDOZ INC., | ) | |
| Defendant. | ) | (Docket No. 216) |

Pending before the Court is Defendant's motion to seal. Docket No. 216. Pursuant to the procedure outlined in *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006), and the Court, *see* Docket No. 152, Defendant filed the Declaration of Anders T. Aannestad in support of its motion. Docket No. 217. The motion seeks to file under seal portions of Defendant's Proposed Motion for Summary Judgment of Non-Infringement of Claims 5-9 (sealed version: Docket No. 212; public version: Docket No. 213); and Exhibits 1-13 and 15-16 attached to the Declaration of John R. Lanham in Support of Sandoz's Motion for Summary Judgment of Non-Infringment of Claims 5-9 (sealed version: Docket No. 214; public version: Docket No. 215).

For the reasons discussed below, the Court hereby **GRANTS** the motion to seal.

**I.    STANDARD**

The Ninth Circuit has held that there is a strong presumption of public access to judicial records. *See Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006); *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003). A party seeking to file documents under seal

bears the burden of overcoming that presumption. *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010) (quoting *Kamakana*, 447 F.3d at 1178). Parties "who seek to maintain the secrecy of documents attached to dispositive motions must meet the high threshold of showing that 'compelling reasons' support secrecy." *Kamakana*, 447 F.3d at 1180.[1] Those compelling reasons must outweigh the competing interests of the public in having access to the judicial records and understanding the judicial process. *Id.* at 1178-79; *see also Pintos*, 605 F.3d at 679 & n.6 (court must weigh "relevant factors," including the public's interest in understanding the judicial process). The Ninth Circuit has indicated that "'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to . . . release trade secrets." *Kamakana*, 447 F.3d at 1179.

## II. ANALYSIS

In support of the motion to seal, Defendant submitted the declaration of Anders T. Aannestad listing Defendant's justification for sealing each of the documents at issue. Docket No. 217.

Concerning Exhibits 2-13 and 15-16 attached to the Lanham Declaration, Aannestad states that Defendant filed those exhibits under seal because they contain sensitive information relating to Defendant's Abbreviated New Drug Application ("ANDA") No. 203563 and Defendant's business practices. *Id*. at 2-5. That information, Defendant represents, includes proprietary, trade secret, business, and technical information that is presently confidential and unavailable to the public including, without limitation, information concerning the manufacture of Defendant's proposed ANDA product, the composition of Defendants ANDA product, and Defendant's specific efforts to obtain United States Food and Drug Administration ("FDA") approval of its proposed ANDA product. *Id*. Defendant states that disclosure of such information could injure its procedural posture, especially given that Defendant competes in the competitive and time-sensitive generic pharmaceutical industry. *Id*. Further, such

---

[1] *Kamakana* and *Foltz* involve non-parties' attempts to obtain sealed court documents. The same analysis and standards apply to a party's motion to seal. *See Pintos*, 605 F.3d at 679 n.5; *see also Kamakana*, 447 F.3d at 1182 n.9 (for the case before it, noting that "[t]he effective bottom line is that the district court was determining whether documents should be sealed").

information is maintained as confidential by the FDA and the FDA does not disclose the existence of a proposed ANDA product until it has been approved. *Id*. Finally, Defendant notes that some of the exhibits, specifically exhibits 4, 9, 15, and 16, were previously sealed by the Court when attached to other filings. *Id*.

Concerning the redacted portions of Defendant's motion for summary judgment, Defendant explains that the redacted portions disclose information from the above discussed exhibits and thus that information should also be sealed. *Id*. at 5.

The Court has reviewed each of the exhibits as well as the redacted portions of the motion for summary judgment and concludes that they all contain proprietary, trade secret, and technical information which warrants keeping them sealed. Further, the Court finds that both good cause and compelling reasons exist to seal this information that overcome the presumption of public access, and that Exhibits 1-13 and 15-16 attached to the Declaration of John R. Lanham cannot be easily redacted while leaving meaningful information available to the public. Therefore, the Court **GRANTS** the motion to seal.

### III. CONCLUSION

For the reasons above and for good cause shown, Defendant's motion to seal (Docket No. 216) is hereby **GRANTED.** Docket Nos. 212 and 214 shall remain under seal.

IT IS SO ORDERED.

DATED: February 25, 2014.

_____
NANCY J. KOPPE
United States Magistrate Judge