1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

8
9
10

SPECTRUM PHARMACEUTICALS, INC, et al,       )
                                            )
                         Plaintiffs,        )          Case No. 2:12-cv-00111-GMN-NJK
                                            )
vs.                                         )          ORDER GRANTING MOTION
                                            )          TO SEAL
SANDOZ INC.,                                )
                                            )          (Docket No. 239)
                         Defendant.         )
_____)

16          Pending before the Court is Plaintiffs' motion to seal.  Docket No. 239.  Plaintiff filed the

17   Declaration of Amanda K. Antons in support of the motion.  Docket No. 240.  The motion seeks to file

18   under seal Exhibit 5 to the Declaration of Amanda K. Antons in support of Plaintiffs' Motion for

19   Summary Judgment (sealed version: Docket No. 238; public version: Docket No. 237).

20   **I.       STANDARD**

21          The Ninth Circuit has held that there is a strong presumption of public access to judicial records.

22   *See Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006); *Foltz v. State Farm*

23   *Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003).  A party seeking to file documents under seal

24   bears the burden of overcoming that presumption.  *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678

25   (9th Cir. 2010) (quoting *Kamakana*, 447 F.3d at 1178).  Parties "who seek to maintain the secrecy of

26   documents attached to dispositive motions must meet the high threshold of showing that 'compelling

27
28

reasons' support secrecy." *Kamakana*, 447 F.3d at 1180.[1]  Those compelling reasons must outweigh the competing interests of the public in having access to the judicial records and understanding the judicial process.  *Id.* at 1178-79; *see also Pintos*, 605 F.3d at 679 & n.6 (court must weigh "relevant factors," including the public's interest in understanding the judicial process).  The Ninth Circuit has indicated that "'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to . . . release trade secrets." *Kamakana*, 447 F.3d at 1179.

## II.    ANALYSIS

In her Declaration, Antons represents that Exhibit 5 is the [rebuttal] expert report of Spectrum's validity expert, Dr. Richard G. Moran.  Docket No. 240, at 2.  Dr. Moran is Spectrum's principal expert on the issue of the validity of Spectrum's patent.  *Id*.  Antons further represents that, if this report were to be disclosed at this point, such disclosure could injure Plaintiffs' competitive posture in a companion case (the "Ben Venue Labs Litigation," 2:14-cv-980-GMN-PAL) that involves the same, or similar, invalidity arguments as this litigation.  *Id*.  A scheduling order has not yet been entered in the Ben Venue Litigation, and Antons represents that providing the opposing party in that case with its expert sumission would give that party an unfair advantage.  *Id*., at 2-3.  Plaintiffs request that the Court seal this expert report until such time as they have served expert reports in the Ben Venue Litigation.  *Id*., at 3.  Plaintiffs further note that the Court previously sealed this report in the instant case, based on a similar argument - that providing the opposing party in a different case (the "Delaware Litigation") would provide that opposing party with an unfair advantage. Id., at 2. See also Docket No. 194, at 3.[2]  Antons additionally

---

[1]

*Kamakana* and *Foltz* involve non-parties' attempts to obtain sealed court documents.  The same analysis and standards apply to a party's motion to seal.  *See Pintos*, 605 F.3d at 679 n.5; *see also Kamakana*, 447 F.3d at 1182 n.9 (for the case before it, noting that "[t]he effective bottom line is that the district court was determining whether documents should be sealed").

[2]

At that time, Plaintiffs assured the Court that Plaintiffs would file the expert report on the public docket within one day of serving the opposing party in the Delaware Litigation.  Docket no. 194, at 3.  Plaintiffs make no mention in their current motion as to whether the opposing party has been served with this report in the Delaware Litigation.  *See* Docket No. 239.

2

represents that Exhibit 5 cannot be easily redacted while leaving meaningful information available to the public.  Docket No. 240, at 3.

The Court has reviewed Exhibit 5 concludes that it contains information that could injure Plaintiffs' competitive posture in the Ben Venue Litigation, which warrants keeping it sealed at this time, pending the expert deadlines in the Ben Venue Litigation.  Further, the Court finds that both good cause and compelling reasons exist to seal this information that overcome the presumption of public access, and that Exhibit 5 cannot be easily redacted while leaving meaningful information available to the public.

**III.    CONCLUSION**

For the reasons discussed more fully above and for good cause shown, the Court **GRANTS** Plaintiffs' motion to seal Exhibit 5 to the Declaration of Amanda K. Antons in support of Plaintiffs' Motion for Summary Judgment (Docket No. 239).  Docket No. 238 shall therefore remain under seal at this time.  The Court further **ORDERS** that, within one day of serving the opposing party in the Ben Venue Litigation with this report, Plaintiffs must file Exhibit 5 on the public docket in the instant case.

IT IS SO ORDERED.

DATED: July 1, 2014.

_____
NANCY J. KOPPE
United States Magistrate Judge