1
2
3
4
5
6
7
8
9

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

10  SPECTRUM PHARMACEUTICALS, INC, et al,   )
                                            )
11                      Plaintiffs,          )     Case No. 2:12-cv-00111-GMN-NJK
                                            )
12  vs.                                      )     ORDER GRANTING IN PART AND
                                            )     DENYING IN PART MOTION TO
13  SANDOZ INC.,                             )     SEAL
                                            )
14                      Defendant.           )     (Docket No. 249)
    _____)

15          Pending before the Court is Defendant's motion to seal.  Docket No. 249.  The motion seeks to

16  file under seal portions of Defendant's opposition to Plaintiffs' Motion for Summary Judgment (sealed

17  version: Docket No. 245; public version: Docket No. 244), and Exhibit 14 attached to the Declaration

18  of John R. Lanham, filed in support of Defendant's opposition to Plaintiffs' Motion for Summary

19  Judgment (sealed version: Docket No. 248; public version: Docket No. 247).

20          Defendant represents in its motion that its sole ground for filing the materials under seal is the

21  designation of the materials by Plaintiff Spectrum as confidential pursuant to the parties' Protective

22  Order.  Docket No. 249, at 3.  Therefore, on July 28, 2014, and in compliance with prior instructions

23  from the Court, Plaintiffs filed the Declaration of Mark H. Izraelewicz in Support of Defendant's motion

24  to seal.  Docket No. 262.

25  **I.      STANDARD**

26          The Ninth Circuit has held that there is a strong presumption of public access to judicial records.

27  *See Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006); *Foltz v. State Farm*

28  *Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003).  A party seeking to file documents under seal

1  bears the burden of overcoming that presumption.  *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678

2  (9th Cir. 2010) (quoting *Kamakana*, 447 F.3d at 1178).  Parties "who seek to maintain the secrecy of

3  documents attached to dispositive motions must meet the high threshold of showing that 'compelling

4  reasons' support secrecy." *Kamakana*, 447 F.3d at 1180.[1]  Those compelling reasons must outweigh the

5  competing interests of the public in having access to the judicial records and understanding the judicial

6  process.  *Id.* at 1178-79; *see also Pintos*, 605 F.3d at 679 & n.6 (court must weigh "relevant factors,"

7  including the public's interest in understanding the judicial process).  The Ninth Circuit has indicated

8  that "'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing

9  court records exist when such 'court files might have become a vehicle for improper purposes,' such as

10  the use of records to . . . release trade secrets." *Kamakana*, 447 F.3d at 1179.

11  **II.     ANALYSIS**

12         In his Declaration, Israelewicz represents that Spectrum withdraws its confidentiality designation

13  with respect to the portions redacted in Defendant's opposition to Plaintiffs' Motion for Summary

14  Judgment.  Docket No. 262, at 3.

15         Additionally, in his Declaration, Izraelewicz represents that Exhibit 14  attached to the

16  Declaration of John R. Lanham ("Exhibit 14") is the rebuttal expert report of Spectrum's validity expert,

17  Dr. Richard G. Moran.  Docket No. 262, at 2.  Dr. Moran is Spectrum's principal expert on the issue of

18  the validity of Spectrum's patent.  *Id.*  Izraelewicz further represents that, if this report were to be

19  disclosed at this point, such disclosure could injure Plaintiffs' competitive posture in a companion case

20  (the "Ben Venue Labs Litigation," 2:14-cv-980-GMN-PAL) that involves the same, or similar, invalidity

21  arguments as this litigation.  *Id.*  Izraelewicz requests that the Court seal this expert report until such

22  time as Plaintiffs have served expert reports in the Ben Venue Litigation.  *Id.*  Izraelewicz further notes

23  that the Court previously sealed this report in the instant case, based on the same argument.  *Id*; *see also*

25  [1]

26         *Kamakana* and *Foltz* involve non-parties' attempts to obtain sealed court documents.  The same

27  analysis and standards apply to a party's motion to seal.  *See Pintos*, 605 F.3d at 679 n.5; *see also*

*Kamakana*, 447 F.3d at 1182 n.9 (for the case before it, noting that "[t]he effective bottom line is that

28  the district court was determining whether documents should be sealed").

1  Docket No. 242, at 3.  Additionally, Izraelewicz submits that Plaintiffs "will file Exhibit 14 in the public

2  record one day after Plaintiffs serve Dr. Moran's expert statement upon opposing counsel in the Ben

3  Venue litigation."  Docket No. 262, at 2-3.

4      The Court has reviewed Exhibit 14 and concludes that it contains information that could injure

5  Plaintiffs' competitive posture in the Ben Venue Litigation, which warrants keeping it sealed at this

6  time.  Further, the Court finds that both good cause and compelling reasons exist to seal this information

7  that overcome the presumption of public access, and that Exhibit 14 cannot be easily redacted while

8  leaving meaningful information available to the public.[2]

9  **III.    CONCLUSION**

10      **IT IS ORDERED THAT** for the reasons discussed more fully above and for good cause shown,

11  the Court **GRANTS** in part and **DENIES** in part Defendant's motion to seal.  Docket No. 249.

12      **IT IS FURTHER ORDERED THAT** the motion to seal is **DENIED** in part, as to the portions

13  redacted in Defendant's opposition to Plaintiffs' Motion for Summary Judgment.  The Court hereby

14  **ORDERS** that the opposition (Docket No. 245) shall be unsealed.

15      **IT IS FURTHER ORDERED THAT** the motion to seal is **GRANTED** in part, as to Exhibit

16  14 to the  Declaration of John R. Lanham, filed in support of Defendant's opposition to Plaintiffs'

17  Motion for Summary Judgment (Docket No. 247).  Docket No. 248 shall therefore remain under seal

18  at this time.  The Court further **ORDERS** that, within one day of serving the opposing party in the Ben

19  Venue Litigation with this report, Plaintiffs must file Exhibit 14 on the public docket in the instant case.

20      IT IS SO ORDERED.

21      DATED: August 18, 2014.

22

23

24                                              _____
                                              NANCY J. KOPPE
25                                              United States Magistrate Judge

26  _____
    [2]
27      Though Mr. Izraelewicz failed to represent to the Court in his Declaration whether Exhibit 14
    could be easily redacted while leaving meaningful information available to the public, the Court has
28  already engaged in this analysis, Docket No. 242, at 3, and the Court makes the same finding here.