UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| SPECTRUM PHARMACEUTICALS, INC, et al, ) <br> ) <br> Plaintiffs, ) <br> ) <br> vs. ) <br> ) <br> SANDOZ INC., ) <br> ) <br> Defendant. ) <br> ) | Case No. 2:12-cv-00111-GMN-NJK <br><br> ORDER ON MOTION TO SEAL <br><br> (Docket No. 261) |

Pending before the Court is Plaintiffs' motion to seal. Docket No. 261. The motion seeks to file under seal portions of Plaintiffs' opposition to Defendant's Motion for Summary Judgment (sealed version: Docket No. 252; public version: Docket No. 251), and Exhibits 1 and 5-10 attached to the Declaration of Amanda K. Antons, filed in support of Plaintiffs' opposition to Defendant's Motion for Summary Judgment (sealed version: Docket Nos. 254-260; public version: Docket No. 253).

Plaintiffs represent in their motion that its sole ground for filing the materials under seal is the designation of the materials by Defendant as confidential and/or outside counsel eyes only pursuant to the parties' Protective Order. Docket No. 261, at 2. Therefore, on July 28, 2014, and in compliance with prior instructions from the Court, Defendant filed the Declaration of Anders T. Aannestad in Support of Plaintiffs' motion to seal. Docket No. 263.

**I.   STANDARD**

The Ninth Circuit has held that there is a strong presumption of public access to judicial records. *See Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006); *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003). A party seeking to file documents under seal

bears the burden of overcoming that presumption. *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010) (quoting *Kamakana*, 447 F.3d at 1178). Parties "who seek to maintain the secrecy of documents attached to dispositive motions must meet the high threshold of showing that 'compelling reasons' support secrecy." *Kamakana*, 447 F.3d at 1180.[1] Those compelling reasons must outweigh the competing interests of the public in having access to the judicial records and understanding the judicial process. *Id.* at 1178-79; *see also Pintos*, 605 F.3d at 679 & n.6 (court must weigh "relevant factors," including the public's interest in understanding the judicial process). The Ninth Circuit has indicated that "'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to . . . release trade secrets." *Kamakana*, 447 F.3d at 1179.

## II.    ANALYSIS

In his Declaration, Aannestad represents that Exhibit 1 attached to the Declaration of Amanda K. Antons "contains sensitive information relating to Sandoz's Abbreviated New Drug Application ('ANDA') ... and Sandoz's business practices." Docket No. 263, at 3. Aannestad further represents, however, that it is possible to redact the confidential information while leaving meaningful information available to the public, and attaches a redacted copy as Exhibit A to his Declaration. *Id.*; Docket No. 263-1. Aannestad submits that the information redacted from Exhibit 1:

> includes proprietary, trade secret, business, and technical information that is presently confidential and unavailable to the public including, without limitation, information concerning the manufacture of Sandoz's proposed ANDA product, the composition of Sandoz's proposed ANDA product, and Sandoz's business practices. Disclosure of such information could injure Sandoz's competitive posture, especially given that Sandoz competes in the competitive and time-sensitive generic pharmaceutical industry.

Docket No. 263, at 3.

. . . .

---

[1] *Kamakana* and *Foltz* involve non-parties' attempts to obtain sealed court documents. The same analysis and standards apply to a party's motion to seal. *See Pintos*, 605 F.3d at 679 n.5; *see also Kamakana*, 447 F.3d at 1182 n.9 (for the case before it, noting that "[t]he effective bottom line is that the district court was determining whether documents should be sealed").

1    Aannestad submits in his Declaration that Exhibit 8 attached to the Declaration of Amanda K.
2 Antons "contains sensitive information relating to Sandoz's ANDA ... and Sandoz's business practices."
3 *Id.*, at 5. Aannestad further represents, however, that it is possible to redact the confidential information
4 while leaving meaningful information available to the public, and attaches a redacted copy as Exhibit
5 B to his Declaration. *Id.*; Docket No. 263-2. Aannestad submits that the redacted portions of Exhibit
6 8 should remain sealed for the same reasons as the reasons submitted for Exhibit 1. Docket No. 263,
7 at 5.

8    In his Declaration, Aannestad submits that Exhibits 5, 6, 7 and 9 attached to the Declaration of
9 Amanda K. Antons contain sensitive information relating to Sandoz's business practices and the ANDA
10 and asks the Court to seal them without redaction. *Id.*, at 4-5. Aannestad submits that the information
11 in these Exhibits include:

12    proprietary, trade secret, business, and technical information that is presently confidential
      and unavailable to the public including, without limitation, information concerning the
13    manufacture of Sandoz's proposed ANDA product, the composition of Sandoz's
      proposed ANDA product, and Sandoz's specific efforts to obtain United States FDA
14    approval of its proposed ANDA product. Disclosure of such information could injure
      Sandoz's competitive posture, especially given that Sandoz competes in the competitive
15    and time-sensitive generic pharmaceutical industry.

16 *Id.*

17    In his Declaration, Aannestad submits that the redacted portions of Exhibit 10 attached to the
18 Declaration of Amanda K. Antons "contain sensitive information relating to Sandoz's ANDA No.
19 203563 and Sandoz's business practices," and asks that they remain sealed for the same reasons as those
20 he stated for Exhibit 5. *Id.*, at 5. Aannestad further represents that the Court "previously sealed an
21 identically redacted version of this exhibit." *Id. See also* Docket No. 241.

22    Finally, Aannestad represents in his Declaration that the sections redacted in Plaintiffs'
23 Opposition to Defendant's Motion for Summary Judgment contain materials from the exhibits and asks
24 the Court to seal those sections for the same reasons as stated for the exhibits. *Id.*, at 5.

25    The Court has reviewed each of the exhibits, the redacted portions of Exhibit 1, 8 and 10, and
26 the redacted portions of the opposition to the motion for summary judgment, and concludes that they
27 all contain proprietary, trade secret, and technical information which warrants keeping them sealed.
28 Further, the Court finds that both good cause and compelling reasons exist to seal this information that

overcome the presumption of public access.  Further, the Court finds that Exhibits 5-7 and 9 attached to the Declaration of Amanda K. Antons cannot be easily redacted while leaving meaningful information available to the public.

### III. CONCLUSION

**IT IS ORDERED THAT** for the reasons discussed more fully above and for good cause shown, the Court **GRANTS** in part and **DENIES** in part Plaintiffs' motion to seal.  Docket No. 261.

**IT IS FURTHER ORDERED THAT** the motion to seal is **GRANTED** in part and **DENIED** in part, as to Exhibits 1 and 8 attached to the Declaration of Amanda K. Antons.  Docket Nos. 254 and 258 shall remain sealed; however, Plaintiffs shall file the redacted version of these two exhibits on the public record, linked to the Declaration, no later than August 26, 2014.

**IT IS FURTHER ORDERED THAT** the motion to seal is **GRANTED**, as to Exhibits 5-7 and 9-10 attached to the Declaration of Amanda K. Antons, filed in support of Plaintiffs' opposition to Defendant's Motion for Summary Judgment (Docket No. 253).  Docket Nos. 255-257 and 259-260 shall therefore remain under seal.

**IT IS FURTHER ORDERED THAT** the motion to seal is **GRANTED,** as to the redactions in Plaintiffs' opposition to Defendant's Motion for Summary Judgment (Docket No. 251).  Docket No. 252 shall therefore remain under seal.

IT IS SO ORDERED.

DATED: August 19, 2014.

_____
NANCY J. KOPPE
United States Magistrate Judge