UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| SPECTRUM PHARMACEUTICALS, INC, et al, ) <br> ) <br>         Plaintiffs, ) <br> ) <br> vs. ) <br> ) <br> SANDOZ INC., ) <br> ) <br>         Defendant. ) <br> ) | Case No. 2:12-cv-00111-GMN-NJK <br><br> ORDER ON MOTION TO SEAL <br><br> (Docket No. 268) |

Pending before the Court is Defendant's motion to seal. Docket No. 268. The motion seeks to file under seal portions of Defendant's Reply in Support of Motion for Summary Judgment on Non-Infringement of Claims 5-9 ("Reply") (sealed version: Docket No. 264; public version: Docket No. 265); Exhibits 1 and 3-4, and portions of Exhibits 2, 6 and 10 attached to the Declaration of John R. Lanham in Support of Defendant's Reply (sealed version: Docket No. 266; public version: Docket No. 267).

Defendant submitted the Declaration of Anders T. Aannestad in support of its motion to seal, as it relates to all items except Exhibit 4. Docket No. 268-1. Defendant represents in its motion that its sole ground for filing Exhibit 4 under seal is the designation of the materials by Plaintiffs as confidential pursuant to the parties' Protective Order. Docket No. 268, at 4. Therefore, on August 11, 2014, and in compliance with prior instructions from the Court, Plaintiffs filed the Declaration of Mark H. Izraelewicz in Support of Defendant's motion to seal, as it relates to Exhibit 4. Docket No. 272.

I.      STANDARD

The Ninth Circuit has held that there is a strong presumption of public access to judicial records. *See Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006); *Foltz v. State Farm*

1  *Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003). A party seeking to file documents under seal
2  bears the burden of overcoming that presumption. *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678
3  (9th Cir. 2010) (quoting *Kamakana*, 447 F.3d at 1178). Parties "who seek to maintain the secrecy of
4  documents attached to dispositive motions must meet the high threshold of showing that 'compelling
5  reasons' support secrecy." *Kamakana*, 447 F.3d at 1180.[1] Those compelling reasons must outweigh the
6  competing interests of the public in having access to the judicial records and understanding the judicial
7  process. *Id.* at 1178-79; *see also Pintos*, 605 F.3d at 679 & n.6 (court must weigh "relevant factors,"
8  including the public's interest in understanding the judicial process). The Ninth Circuit has indicated
9  that "'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing
10 court records exist when such 'court files might have become a vehicle for improper purposes,' such as
11 the use of records to . . . release trade secrets." *Kamakana*, 447 F.3d at 1179.

## II.    ANALYSIS

In his Declaration, Aannestad represents that the Court previously sealed an exhibit that included the documents in Exhibits 1 and 3 because they contain "proprietary, trade secret, and technical information which warrants keeping it sealed." Docket No. 268-1, at 2,4. *See also* Docket Nos. 220, 241. Aannestad further represents that these exhibits contain:

> sensitive information relating to Sandoz's Abbreviated New Drug Applications ("ANDA") No. 203563 and Sandoz's business practices. The information includes proprietary, trade secret, business, and technical information that is presently confidential and unavailable to the public including, without limitation, information concerning the manufacture of Sandoz's proposed ANDA product, the composition of Sandoz's proposed ANDA product, and Sandoz's specific efforts to obtain United States Food and Drug Administration ("FDA") approval of its proposed ANDA product. Disclosure of such information could injure Sandoz's competitive posture, especially given that Sandoz competes in the competitive and time-sensitive generic pharmaceutical industry.

Docket No. 268-1, at 2-4. Aannestad submits that these exhibits cannot be easily redacted while leaving meaningful, non-confidential information available to the public. *Id.*, at 5.

---

[1] *Kamakana* and *Foltz* involve non-parties' attempts to obtain sealed court documents. The same analysis and standards apply to a party's motion to seal. *See Pintos*, 605 F.3d at 679 n.5; *see also Kamakana*, 447 F.3d at 1182 n.9 (for the case before it, noting that "[t]he effective bottom line is that the district court was determining whether documents should be sealed").

1    Aannestad further submits in his Declaration in support of Defendant's motion to seal that the
2 information redacted from Exhibits 2 and 10:

> includes proprietary, trade secret, business, and technical information that is presently confidential and unavailable to the public including, without limitation, information concerning the manufacture of Sandoz's proposed ANDA product, the composition of Sandoz's proposed ANDA product, and Sandoz's business practices. Disclosure of such information could injure Sandoz's competitive posture, especially given that Sandoz competes in the competitive and time-sensitive generic pharmaceutical industry.

7 *Id.*, at 3-5.

8    Additionally, Aannestad submits in his Declaration that the Court previously sealed the redacted
9 portions of the document that comprises Exhibit 6 because they contain "proprietary, trade secret, and
10 technical information" that warrants sealing. *Id.*, at 4. *See also* Docket Nos. 220, 241. Aannestad
11 further represents that the same reasons that exist for sealing the information redacted from Exhibits 2
12 and 10 also exist for sealing the information readacted from Exhibit 6. Docket No. 268-1, at 4-5.

13    In his Declaration, Izraelewicz represents that Exhibit 4 contains excerpts from the deposition
14 transcript of Plaintiffs' 30(b)(6) witness, Anil Hiteshi, and concerns "highly confidential information"
15 regarding Spectrum's business practices and drug product, Fusilev. Docket No. 272, at 2. Izraelewicz
16 submits that the transcript includes "proprietary business plans, and technical information concerning
17 Spectrum's ... product that is confidential and unavailable to the public including, information
18 concerning Spectrum's actual and planned confidential communications with the FDA" regarding the
19 drug and Spectrum's business practices. *Id*. Izraelewicz further represents that public disclosure of this
20 information "could injure Spectrum's competitive posture, especially given that Spectrum does business
21 in the competitive and time-sensitive pharmaceutical industry." *Id*. Both Izraelewicz and Aannestad
22 submit that the information in Exhibit 4 cannot be easily redacted while leaving meaningful, non-
23 confidential information available to the public. Docket Nos. 268-1, at 5; 272, at 3.

24    Finally, Aannestad represents in his Declaration that the sections redacted in Defendant's Reply
25 contain materials from the exhibits discussed above, and asks the Court to seal those sections for the
26 same reasons as stated for the exhibits. *Id*, at 5.

27    The Court has reviewed each of the exhibits, the redacted portions of Exhibits 2, 6 and 10, and
28 the redacted portions of the Reply, and concludes that they all contain proprietary, business practice,

trade secret, and technical information that could injure the parties' competitive posture and that therefore warrants keeping them sealed. Further, the Court finds that both good cause and compelling reasons exist to seal this information that overcome the presumption of public access. Further, the Court finds that Exhibits 1 and 3-4 cannot be easily redacted while leaving meaningful information available to the public.

### III. CONCLUSION

**IT IS ORDERED THAT** for the reasons discussed more fully above and for good cause shown, the Court **GRANTS** Defendant's motion to seal. Docket No. 268.

**IT IS FURTHER ORDERED THAT** the documents at Docket Nos. 264 and 266 shall remain under seal.

IT IS SO ORDERED.

DATED: August 21, 2014.

_____
NANCY J. KOPPE
United States Magistrate Judge