UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

|  |  |
|---|---|
| SPECTRUM PHARMACEUTICALS, INC, et al, <br><br> Plaintiffs, <br><br> vs. <br><br> SANDOZ INC., <br><br> Defendant. | Case No. 2:12-cv-00111-GMN-NJK <br><br> ORDER GRANTING MOTION TO SEAL <br><br> (Docket No. 296) |

Pending before the Court is Defendant's motion to seal. Docket No. 296. The motion seeks to file under seal portions of Defendant's Motion in Limine to exclude the Testimony of Rolf Henel and Exhibits 1-2 attached to the Declaration of Jessica A. Roberts in Support of Defendant's Motion in Limine (sealed version: Docket No. 298; public version: Docket No. 297).

Defendant submitted the Declaration of Anders T. Aannestad in support of its motion to seal. Docket No. 296-1. Defendant represents in its motion that its sole ground for filing Exhibits 1-2 under seal, and for the redactions, is the designation of the materials by Plaintiffs as confidential or outside counsel eyes only, pursuant to the parties' Protective Order. Docket No. 296, at 2; Docket No. 296-1, at 2. Therefore, on December 19, 2014, and in compliance with prior instructions from the Court, Plaintiffs filed the Declaration of Mark H. Izraelewicz in Support of Defendant's motion to seal. Docket No. 304.

**I.   STANDARD**

The Ninth Circuit has held that there is a strong presumption of public access to judicial records. *See Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006); *Foltz v. State Farm*

*Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003).  A party seeking to file documents under seal bears the burden of overcoming that presumption.  *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010) (quoting *Kamakana*, 447 F.3d at 1178).  Parties "who seek to maintain the secrecy of documents attached to dispositive motions must meet the high threshold of showing that 'compelling reasons' support secrecy." *Kamakana*, 447 F.3d at 1180.[1]  Those compelling reasons must outweigh the competing interests of the public in having access to the judicial records and understanding the judicial process.  *Id.* at 1178-79; *see also Pintos*, 605 F.3d at 679 & n.6 (court must weigh "relevant factors," including the public's interest in understanding the judicial process).  The Ninth Circuit has indicated that "'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to . . . release trade secrets." *Kamakana*, 447 F.3d at 1179.

**II.    ANALYSIS**

In his Declaration, Izraelewicz represents that Exhibit 1 attached to the Declaration of Jessica A. Roberts ("Exhibit 1") is comprised of excerpts from the deposition transcript of Plaintiffs' expert, Rolf Henel, and that Exhibit 2 attached to the Declaration of Jessica A. Roberts ("Exhibit 2") is Rolf Henel's Rebuttal Expert statement.  Docket No. 304, at 2.  Izraelewicz further represents that, if this information were to be publicly disclosed at this point, such disclosure could injure Plaintiffs' competitive posture in a companion case (the "Eurohealth Litigation," 2:14-cv-980-GMN-PAL[2]) that involves the same, or similar, invalidity arguments as this litigation.  *Id.*, at 2-3.  *See also* Docket No. 242, at 3.  Izraelewicz states that these two exhibits "cannot reasonably be redacted while leaving any meaningful information available to the public." *Id.*, at 3.  Finally, Izraelewicz represents that the redacted portions in Defendant's motion "contain quotes from Exhibits 1 and 2," and that "[t]he same

---

[1] *Kamakana* and *Foltz* involve non-parties' attempts to obtain sealed court documents.  The same analysis and standards apply to a party's motion to seal. *See Pintos*, 605 F.3d at 679 n.5; *see also Kamakana*, 447 F.3d at 1182 n.9 (for the case before it, noting that "[t]he effective bottom line is that the district court was determining whether documents should be sealed").

[2] Formerly known as the Ben Venue Litigation.

reasons that support sealing Exhibits 1 and 2 support sealing the redacted portions of [Defendant's] motion. *Id*.

Izraelewicz requests that the Court seal the redacted portion of Defendant's motion in limine, as well as Exhibits 1 and 2 in their entirety, until such time as Plaintiffs have served Mr. Henel's expert statement upon opposing counsel in the Eurohealth Litigation. *Id*. Izraelewicz further notes that the Court previously sealed expert reports in the instant case, based on the same argument. *Id*., at 3; *see also* Docket No. 242, at 2-3. Additionally, Izraelewicz submits that Plaintiffs "will file unredacted versions of [Defendant's] motion [in limine], and Exhibits 1 and 2 ... in the public record one day after Plaintiffs serve Mr. Henel's expert statement upon opposing counsel in the Eurohealth litigation." Docket No. 304, at 3.

The Court has reviewed the redacted portions of Defendant's motion in limine, as well as Exhibits 1-2 in their entirety, and concludes that they contain information that could injure Plaintiffs' competitive posture in the Eurohealth Litigation, which warrants keeping them sealed at this time. Further, the Court finds that good cause exists to seal this information that overcomes the presumption of public access, and that Exhibits 1-2 cannot be easily redacted while leaving meaningful information available to the public.

### III. CONCLUSION

**IT IS ORDERED THAT** for the reasons discussed more fully above and for good cause shown, the Court **GRANTS** Defendant's motion to seal. Docket No. 296.

**IT IS FURTHER ORDERED THAT**, within one day of serving the opposing party in the Eurohealth Litigation with Mr. Henel's expert statement, Plaintiffs must file unredacted versions of Defendant's motion in limine and Exhibits 1-2 on the public docket in the instant case.

IT IS SO ORDERED.

DATED: December 29, 2014.

_____
NANCY J. KOPPE
United States Magistrate Judge